**BANK OF INDIA, Plaintiff–Appellee,**

v.

**TRENDI SPORTSWEAR, INC., Defendant-Third-Party-Plaintiff-Appellant,**

v.

**Indu Craft, Inc., Third-Party-Defendant-Fourth-Party-Plaintiff-Appellant,**

v.

**Bank of Baroda, Fourth-Party-Defendant-Appellee.**

Docket Nos. 02–7173(L), 02–7455(CON) and 02–7487(CON).

United States Court of Appeals, Second Circuit.

May 15, 2003.

Krishnan S. Chittur, Chittur & Associates, P.C., New York, NY, for Defendant–Third–Party–Plaintiff–Appellant Trendi Sportswear, Inc.

John D'Ercole (Christine A. Black, Jonathan A. Kramer, on the brief), Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY, for Third–Party–Defendant–Fourth–Party–Plaintiff–Appellant Indu Craft, Inc.

Robert P. Stein (Jeffrey R. Mann, on the brief), Greenberg Traurig, LLP, New York, NY, for Fourth–Party–Defendant–Appellee Bank of Baroda.

Present: FEINBERG, KATZMANN, Circuit Judges, and Honorable MURTHA,[1] District Judge.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 15th day of May, two thousand and three.

**ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

The plaintiff Bank of India ("BOI") sued the defendant-third-party-plaintiff Trendi Sportswear, Inc. ("Trendi") in 1989 for default upon a demand promissory note. Trendi then filed a third-party complaint against Indu Craft, Inc. ("Indu Craft") in 1990, alleging breach of contract to supply Trendi with goods and that such breach caused Trendi to seek higher lines of credit from BOI so that Trendi could import the goods itself in an effort to mitigate damages caused by Indu Craft's breach. Indu Craft in turn filed a fourth-party complaint against Bank of Baroda ("Baroda"), also in 1990, in which it claimed that Indu Craft's breach of its contract with Trendi was caused by Baroda's wrongful, malicious, bad faith curtailment of its credit privileges, and sought to hold Baroda liable for any judgment Indu Craft had to pay to Trendi as a result of the third-party action.

Then pending before a different District Court was an action filed in 1987 by Indu Craft against Baroda claiming that Baroda had driven Indu Craft out of business by extinguishing its credit facilities ("the 1987 action"). The District Court in the 1987 case granted Baroda's motion to preclude evidence related to damages caused to Trendi (a non-party in the 1987 litigation) by Indu Craft as a result of Baroda's allegedly illegal behavior. After a month-long trial, a jury found in Indu Craft's favor, awarding some $2.5 million in damages.

The District Court in this action granted summary judgment in BOI's favor in April 1991. In September 1998, it then granted Baroda's motion for summary judgment,

1. The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

dismissing Indu Craft's fourth-party complaint on the grounds of *res judicata* because Indu Craft should have raised its claim for damages owed to Trendi as a result of Baroda's bad acts ("Trendi damages") in the 1987 action.

Indu Craft filed a petition for bankruptcy relief in July 1997, and Trendi filed a claim in the bankruptcy proceeding for the damages alleged in the third-party action in this case. Following the District Court's dismissal of the fourth-party complaint on *res judicata* grounds, the District Court in February 1999 ordered the BOI case closed on the active docket without prejudice to reopen it at any time, since the third-party complaint was set to be litigated in the bankruptcy court.

By Final Decree signed May 17, 2000, the bankruptcy court discharged Indu Craft from all claims of creditors, as provided for in the bankruptcy plan of reorganization, and enjoined the holders of claims from instituting or continuing any action to collect such debts. Unless the plan or a final order of the bankruptcy court provided otherwise, any judgment at any time obtained determining the liability of Indu Craft with respect to a debt discharged pursuant to the plan "shall be null and void and of no force and effect." The plan, as approved, seemed to contemplate the continued prosecution of Indu Craft's fourth-party action against Baroda. Indu Craft consented to judgment being entered against it in the third-party action in the amount of Trendi's unsecured bankruptcy claim. By order dated July 12, 1999, the bankruptcy court resolved the claims dispute between Indu Craft and Trendi, finding that Trendi's unsecured class 5 claim shall be fixed at $21,101,348.47.

By letter dated November 24, 1999, Trendi's counsel requested the District Court to enter judgment against Indu Craft in the amount of Trendi's allowed unsecured claim in bankruptcy, that is, $21,101,348.47. The District Court endorsed this letter, stating that to the extent Trendi was entitled to a judgment, the judgment should be entered by the bankruptcy court, given that the matter had been adjudicated by the bankruptcy court. The Clerk of the bankruptcy court then entered judgment against Indu Craft in this amount on January 18, 2000.

The District Court entered final judgment in this case on March 30, 2000, finding that no claims remained unresolved. Indu Craft then appealed the dismissal of its fourth-party complaint on *res judicata* grounds. We reversed the decision of the District Court to grant Baroda's motion to dismiss and remanded the case, finding that Indu Craft had not had a full and fair opportunity to raise the issue of Trendi damages in the 1987 case and thus should not be barred by principles of *res judicata* from raising it in the fourth-party action here. *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 439–40 (2d Cir. 2000).

Upon remand, Indu Craft in April 2001 filed an amended fourth-party complaint demanding a jury trial and adding claims against Baroda of negligent supervision of an agent and RICO, and Trendi in July 2001 filed a second third-party complaint asserting direct claims against Baroda for prima facie tort, tortious interference with contract, lost profits, destruction of business, negligent supervision of an agent, and RICO.

The District Court by decision dated January 17, 2002 dismissed the amended fourth-party complaint, ruling that Indu Craft's indemnification claim must fail as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Trendi's claim against Indu Craft had been discharged in bankruptcy and that Indu Craft's RICO claims were time-

830

barred and barred by the doctrine of *res judicata*. *See Bank of India v. Trendi Sportswear, Inc.*, No. 89 Civ. 5996, 2002 WL 84631 (S.D.N.Y Jan. 18, 2002). Final judgment was entered by the District Court on April 11, 2002.

Trendi moved to vacate the final judgment, alleging that its direct claims against Baroda, asserted in its second third-party complaint, were still pending. By opinion dated August 7, 2002, the District Court dismissed Trendi's direct claims against Baroda as time-barred and denied Trendi's motion to vacate the final judgment. *See Bank of India v. Trendi Sportswear, Inc.*, 89 Civ. 5996, 2002 WL 1836754 (S.D.N.Y. Aug.12, 2002). This appeal followed, challenging the January 17 and August 7, 2002 opinions of the District Court.

As this brief recitation of this litigation — begun in the 1980s — reveals, this case has had a long and convoluted history, perhaps made more difficult to penetrate by its circuitous path from one judicial forum to another and back again. Upon review of the record and consideration of all of the arguments presented by the parties, we affirm the dismissal of the amended fourth-party complaint and the second third-party complaint, largely for the reasons stated in the opinions of the District Court.

The judgment of the District Court is **AFFIRMED.**