■ Hook Superx, Inc., Respondent, v Ciampa North Company, Appellant. [769 NYS2d 577]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to pay a proportionate share of the insurance premiums for the defendant's shopping center, the defendant appeals from (1) so much of an order and interlocutory judgment (one paper) of the Supreme Court, Queens County (Dye, J.), dated September 10, 2002, as denied its motion for summary judgment dismissing the complaint and on its counterclaim, granted that branch of the plaintiff's cross motion which was for summary judgment on the second cause of action in the complaint and declared that the plaintiff is not obligated to pay a proportionate share of the insurance premiums for its shopping center, and granted that branch of the plaintiff's cross motion which was for summary judgment on the third cause of action to recover a refund from it of the share of insur-

ance premiums paid for the shopping center by the plaintiff from October 15, 1995, to the present, and (2) a judgment of the same court entered October 31, 2002, which is in favor of the plaintiff and against it in the principal sum of $25,760.63.

Ordered that the appeal from the order and interlocutory judgment dated September 10, 2002, is dismissed; and it is further,

Ordered that the judgment entered October 31, 2002, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order and interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of a final judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order and interlocutory judgment are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff is the assignee of a lease for a store in a shopping center owned by the defendant, pursuant to which the plaintiff pays a fixed monthly rental at a "square foot rental rate." The lease further provides that, in addition to the fixed monthly rent, the "lessee shall pay its proportionate share of Common Area Maintenance Costs, which maintenance shall include the annual Real Estate Taxes for the land and building in which the demised premises are located." The issue presented on this appeal is whether the term "Common Area Maintenance Costs," as used in the lease, includes a proportionate share of the insurance premiums for the shopping center.

Following the lease assignment, the defendant billed the plaintiff for a proportionate share of the insurance premiums for the shopping center on a monthly basis as a Common Area Maintenance Cost, and the plaintiff paid these sums without protest for two years. However, after the plaintiff was acquired by another corporation the lease was reviewed and the plaintiff determined that insurance premiums were not a Common Area Maintenance Cost. The plaintiff continued to pay a proportionate share of the insurance premiums under protest until March 2000.

In October 2001 the plaintiff commenced this action seeking, inter alia, a refund of the share of the insurance premiums it had paid since the assignment of the lease to it, and a declaration that it was not obligated under the lease to pay a proportionate share of the insurance premiums for the shopping center. The Supreme Court found in the plaintiff's favor, and the defendant appeals.

The lease does not contain a definition of "Common Area Maintenance Costs," other than stating that "it shall include the annual Real Estate Taxes for the land and building in which the demised premises are located." The lease does, however, contain an Article concerning the responsibilities of the parties regarding insurance. Specifically, the lease requires the plaintiff to maintain liability, workers compensation, and fire insurance covering the demised premises. The Article of the lease concerning insurance also provides, in pertinent part, as follows:

"In the event LESSEE fails to carry the aforesaid liability coverage, LESSOR, at its option, shall have the right to carry any or all of the liability insurance hereinabove provided for and in such event, LESSEE agrees to reimburse LESSOR for the entire cost of same; or, if LESSOR'S policies shall cover more than the demised premises, LESSEE shall pay its proportionate share of the premium for such insurance, which proportionate share shall either be determined on the same basis as LESSEE'S proportionate share of Common Area Charges or shall be determined by the insurance carrier issuing the same policy."

The article in the lease concerning insurance does not contain any provision requiring the plaintiff to pay a proportionate share of the insurance premiums for the common areas of the shopping center. Moreover, the clause quoted above holds the tenant responsible only for insurance covering the demised premises, as it states that if the tenant fails to carry the required insurance, and the landlord carries insurance policies which cover more than the demised premises, then the tenant will be obligated to pay its proportionate share, to be measured "on the same basis as LESSEE'S proportionate share of Common Area Charges." We agree with the Supreme Court that while insurance premiums are a common operating expense, the ordinary understanding of the phrase "Common Area Maintenance Costs" would not include insurance premiums.

Accordingly, reading the lease as a whole, and interpreting it to give effect to the intent of the parties as expressed therein (see Matter of Wallace v 600 Partners Co., 86 NY2d 543 [1995]), we agree with the plaintiff that it is not obligated to pay a proportionate share of the insurance premiums for the shopping center. Since we do not agree with the defendant that the term "Common Area Maintenance Costs" as used in the lease, is ambiguous, it is not necessary to ascertain the parties' intent by examining their conduct from the inception of the lease's assignment to the plaintiff (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157 [1990]; 74 NY Jur 2d, Landlord and Tenant § 75). Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.