■ PEPCO CONSTRUCTION OF NEW YORK, INC., et al., Respondents, v CNA INSURANCE COMPANY, Appellant. [790 NYS2d 490]—

In an action for a judgment declaring, inter alia, that the defendant CNA Insurance Company is obligated to defend and indemnify the plaintiff Pepco Construction of New York, Inc., in an action entitled *Farduchi v United Artists Theatre Circuit, Inc.,* pending in the Supreme Court, Queens County, under Index No. 23113/99, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated September 17, 2003, as denied its motion for summary judgment and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that it is obligated to defend and indemnify the plaintiff Pepco Construction of New York, Inc., in the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment declaring that the defendant is obligated to defend and indemnify the plaintiff Pepco Construction of New York, Inc., in the underlying action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant.

At the time of the injury giving rise to the present dispute, United Artists Theatre Circuit, Inc. (hereinafter UA), had engaged the plaintiff Pepco Construction of New York, Inc. (hereinafter Pepco), as a general contractor on a construction project. Pursuant to their contract (hereinafter the prime contract), Pepco agreed to procure liability insurance naming UA as an additional insured. Pursuant to a subcontract (hereinafter the subcontract) with Savmor Mechanical, Inc. (hereinafter Savmor), Pepco engaged Savmor, which was insured by the defendant CNA Insurance Company (hereinafter CNA), as the

subcontractor to perform certain HVAC work in connection with the project. The provision of the subcontract requiring Savmor to purchase and maintain insurance was left blank. However, the subcontract incorporated the prime contract by reference, and stated in article 2.1 that "to the extent that provisions of the Prime Contract apply to the Work of the Subcontractor . . . the Subcontractor shall assume toward the Contractor all obligations and responsibilities which the Contractor, under the Prime Contract, assumes toward the Owner."

After a worker on the project was injured and commenced the underlying action, the plaintiffs commenced this action for a judgment declaring, inter alia, that CNA is obligated to defend and indemnify Pepco in the underlying action. They relied on language in policies issued by CNA to Savmor which stated that CNA would provide additional insurance for, among others, any person or organization that Savmore was required to add as an additional insured on the policies under a written contract or agreement. They contend that article 2.1 of the subcontract incorporates the provision of the prime contract requiring the procurement of additional insured coverage and obligated Savmor to procure insurance and add Pepco as an additional insured. The Supreme Court, inter alia, denied CNA's motion for summary judgment and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that CNA is obligated to defend and indemnify Pepco in the underlying action. We modify.

Where, as here, the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment (*see Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409, 411 [1995]). Article 2.1 of the subcontract is ambiguous as it is unclear if it incorporates the insurance procurement provision of the prime contract and makes it applicable to CNA's insured. Accordingly, an issue of fact exists to be resolved at trial as to whether Pepco was an additional insured under CNA's policies with Savmor (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur. [*See* 6 Misc 3d 1017 (A), 2003 NY Slip Op 51745(U) (2003).]