■ THE INSURANCE CORPORATION OF NEW YORK et al., Appellants, v CENTRAL MUTUAL INSURANCE COMPANY et al., Respondents. [850 NYS2d 56]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered June 28, 2006, which granted defendants' motion for

summary judgment to the extent of dismissing the claims of plaintiff Calleo, and denied plaintiffs' cross motion for summary judgment and to amend the caption with respect to plaintiff Calleo, unanimously modified, on the law, without costs, Calleo's claims reinstated, the matter remanded for consideration of the cross motion to amend the caption, and otherwise affirmed.

On January 23, 2004, a personal injury action was brought by an employee of plaintiff Calleo Construction Corp. for injuries sustained during the course of his employment at a construction site owned by plaintiff Congregation Or Zarua. Calleo was the general contractor on the site. Defendant S & S Construction Group was one of Calleo's subcontractors on that site. The personal injury action named the Congregation, Calleo and S & S as defendants.

On December 15, 2004, the Congregation, Calleo and their liability insurer, plaintiff Insurance Corporation of New York, commenced the instant action seeking a declaration that defendant Central Mutual Insurance, S & S's liability insurer, was obligated to defend and indemnify the Congregation and Calleo in connection with the personal injury action. The complaint alleged that the contract between Calleo and S & S required Calleo to purchase a commercial general liability insurance policy, naming as additional insureds the owner, design consultants and their respective partners, directors, officers, employees, agents and representatives, and that it also required S & S to obtain insurance covering the Congregation and Calleo.

The insurance contract between S & S and Central contained an endorsement entitled "Additional Insured—Owners, Lessees or Contractors—Automatic Status when Required in Construction Agreement with You," which defined an insured as "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." S & S did obtain a certificate of liability insurance, dated January 29, 2001 (three days after the incident that injured Calleo's employee), naming S & S as the insured and Calleo as the certificate holder. The certificate contained the following language: "This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below." It thereafter named the holder as an additional insured on the policy.

Defendants moved for summary judgment dismissing the

complaint and seeking declarations that S & S's insurance contract with Central did not obligate Central to defend or indemnify Calleo or the Congregation, and that the subcontract did not obligate S & S to procure additional insurance coverage for either. They further argued that the certificate of insurance naming Calleo as a certificate holder did not confer coverage on either Calleo or the Congregation.

Plaintiffs opposed the motion and cross moved for summary judgment declaring either that the Congregation and Calleo were additional insureds on Central's policy or were entitled to coverage pursuant to an indemnification clause in the subcontract between Calleo and S & S. In support of their motion, plaintiffs submitted the affidavit of Gino Calleo, president of Calleo Development Corp., averring that it was always the intent of the subcontract between Calleo and S & S that the latter would obtain liability insurance naming both Calleo and the Congregation as additional insureds.

The IAS court granted defendants' motion for summary judgment declaring that the insurance contract between Central and S & S did not obligate Central to defend or indemnify Calleo in the underlying personal injury action, and the contract entered into between Calleo and S & S did not obligate S & S to procure additional insurance for Calleo. It found that Calleo was obligated to name Zarua as an additional insured on its policy, but there was an issue of fact as to whether the subcontract imposed the same obligation on S & S. However, the court found that the subcontract, including the attachment setting forth S & S's insurance obligation to the owner, contained no written agreement by S & S to name Calleo as an additional insured on its policy.

A contract should be "read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose" (*Empire Props. Corp. v Manufacturers Trust Co.*, 288 NY 242, 248 [1942], quoting what is now treated in 11 Lord, Williston on Contracts § 32:5 [4th ed]).

Here the court determined there was an issue of fact as to whether the subcontract imposed an obligation on S & S to obtain insurance for the Congregation, and then went on to find no issue of fact with respect to S & S's obligation to obtain insurance for the contractor. The subcontract, however, contained at least one page that was taken in toto from the contract between the Congregation and Calleo with respect to the purchase of insurance coverage. Moreover, a plain reading of the contract provisions between Calleo and S & S concerning insurance mir-

ror, in some cases, those in the contract between Zarua and Calleo and thus raise an issue of fact as to the intent of the parties concerning which entities should be included as additional insureds. On a defendant's motion for summary judgment, the evidence should be liberally construed in a light most favorable to the plaintiff (*Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co.*, 257 AD2d 84, 89 [1999], *lv denied* 96 NY2d 715 [2001]). Moreover, it is axiomatic that on a motion for summary judgment, issue-finding, rather than issue-determination, is the key to the procedure and the motion should not be granted where there is any doubt as the existence of a genuine factual issue (*Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57 [1966]).

In this case, there is an issue of fact as to whether the contract between Calleo and S & S required S & S to name Calleo and the Congregation as additional insureds and hence, defendants' motion for summary judgment should have been denied in its entirety. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.