■ JOSEPH KASSIS et al., Respondents, v THE OHIO CASUALTY INSURANCE COMPANY, Appellant. [856 NYS2d 797]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 16, 2007 in a declaratory judgment action. The judg-

ment, inter alia, granted plaintiffs' motion for summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from is reversed on the law without costs, the motion is denied in its entirety, the declaration is vacated, the cross motion is granted in part and judgment is granted in favor of defendant as follows:

"It is ADJUDGED and DECLARED that defendant is not obligated to defend or indemnify plaintiff Joseph Kassis in the underlying action pursuant to its commercial general liability policy."

Memorandum: Plaintiffs, Joseph Kassis and Kassis Superior Sign Co., Inc. (Superior Sign), commenced this action seeking, inter alia, a declaration that defendant has a duty to defend and indemnify Kassis in the underlying action. According to plaintiffs, defendant is obligated to defend and indemnify Kassis under a commercial general liability (CGL) policy issued by defendant to Superior Sign on the grounds that he was an additional insured under the policy's blanket additional insured endorsement and that he was an intended third-party beneficiary under the policy. We reject plaintiffs' contention on both grounds. The blanket additional insured endorsement provides in relevant part that the term defining "who is an insured" "is amended to include as an insured any person or organization who you are required to name as an additional insured on this policy under a written contract or agreement." Pursuant to the property lease executed by Kassis and Superior Sign, Superior Sign would procure CGL coverage for "the mutual benefit of" Kassis and Superior Sign, but it does not require that Superior Sign name Kassis as an additional insured on Superior Sign's CGL policy issued by defendant. That policy expressly and unambiguously provides that the written contract or agreement between Superior Sign and Kassis must require that Kassis be named as an additional insured, and the lease in question does not do so (*see generally Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987 [1992]). If Kassis and Superior Sign had intended the term "mutual benefit" in the lease to mean that Kassis would be named as an additional insured, the lease could have so provided. Indeed, we note that it is in fact of "mutual benefit" to Kassis and Superior Sign that Superior Sign has coverage for the risk of loss created by Superior Sign's use and occupancy of the leased property, particularly in light of the lease provision requiring Superior Sign to indemnify Kassis for loss or damage to third parties.

We further conclude that Kassis is not an intended third-

party beneficiary under the policy between defendant and Superior Sign. "While it is well settled that the identity of a third-party beneficiary need not specifically be set forth in the contract . . . , it must be demonstrated that the parties to the insurance policy intended to insure the interest for which the third-party beneficiary seeks coverage . . . Put another way, where the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify" (*State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152, 155 [1993]). Here, plaintiffs rely on policy language setting forth that the exclusion for contractual liability, pursuant to which the insured is obligated to pay damages based on the assumption of such liability in a contract, does not apply to liability for damages "[a]ssumed in a contract . . . that is an 'insured contract.' " Although it is undisputed that the lease between Kassis and Superior Sign is an insured contract within the meaning of the policy, the provision upon which plaintiffs rely simply affords coverage to Superior Sign with respect to its duty to provide contractual indemnification. There is no suggestion of an intent thereby to extend direct coverage to Kassis (*see generally Jefferson v Sinclair Ref. Co.*, 10 NY2d 422, 426-427 [1961]). Thus, Kassis is at best "merely an incidental beneficiary," not an intended third-party beneficiary (*Cole v Metropolitan Life Ins. Co.*, 273 AD2d 832, 833 [2000]; *see American Mfrs. Mut. Ins. Co.*, 188 AD2d at 155-156).

Finally, we note that no declaratory relief has been granted with respect to Superior Sign inasmuch as it is not a party to the underlying action.

All concur except Smith and Centra, JJ., who dissent and vote to affirm in the following memorandum.

Smith and Centra, JJ. (dissenting). We respectfully dissent, and would affirm the judgment. We disagree with the majority that plaintiff Kassis Superior Sign Co., Inc. (Superior Sign) was not required to name plaintiff Joseph Kassis as an additional insured under the commercial general liability (CGL) policy at issue. Pursuant to the terms of defendant's CGL policy, "any person or organization who [Superior Sign is] required to name as an additional insured on this policy under a written contract or agreement" will be covered as an additional insured. The clause at issue in the lease executed by Kassis and Superior Sign requires that Superior Sign procure CGL coverage "at its sole cost and expense and for the mutual benefit of" Superior Sign and Kassis, with a combined single limit of $1 million per occurrence and an annual aggregate of $2 million, plus an excess

liability policy with additional coverage in the amount of $1 million. The paragraph in the lease preceding that clause requires that Kassis maintain fire insurance for the benefit of both parties, which "may be written either under separate policies in Landlord's name or combined with other coverages acquired by Tenant," and the clause following the one at issue states that Superior Sign may maintain additional coverage for its own benefit on any improvements that it has placed on the premises and for any business losses that it may sustain. Based upon the placement of the clause at issue, along with the inclusion of the specific amounts of the coverage that was required, and based on our interpretation of the three clauses as a whole to give effect to the intent of the parties as expressed therein (*see Insurance Corp. of N.Y. v Central Mut. Ins. Co.*, 47 AD3d 469, 471 [2008]; *Hook Superx v Ciampa N. Co.*, 2 AD3d 587, 589 [2003]; *see generally Empire Props. Corp. v Manufacturers Trust Co.*, 288 NY 242, 248 [1942]), we conclude that the clause at issue requires that Kassis be named as an additional insured on Superior's CGL policy, bringing him within defendant's policy.

Finally, we note that it is mere speculation for the majority to state that "it is in fact of 'mutual benefit' to Kassis and Superior Sign that Superior Sign has coverage for the risk of loss created by Superior Sign's use and occupancy of the leased property, particularly in light of the lease provision requiring Superior Sign to indemnify Kassis for loss or damage to third parties." While it may eventually inure to the benefit of Kassis for Superior Sign to have such coverage, the coverage presently does not directly benefit Kassis unless Kassis is required to be named as an additional insured under the CGL policy. Present—Scudder, P.J., Hurlbutt, Smith, Centra and Pine, JJ.