[913 NE2d 933, 885 NYS2d 241]

JOSEPH KASSIS et al., Appellants, v THE OHIO CASUALTY INSURANCE COMPANY, Respondent.

Argued June 4, 2009; decided June 25, 2009

596

**POINTS OF COUNSEL**

*Green & Seifter, PLLC,* Syracuse (*Lawrence M. Ordway Jr., John L. Valentino* and *Cecelia R. Cannon* of counsel), for appellants. I. Under the clear and unambiguous contract terms Joseph Kassis is an additional insured entitled to coverage, including a defense, from respondent. (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.,* 99 NY2d 391; *Grefer v Anderson,* 249 AD2d 892; *Fay's Drug Co. v British Am. Dev. Corp.,* 140 AD2d 810; *Ingargiola v Waheguru Mgt.,* 5 AD3d 732; *Bailey v Fish & Neave,* 8 NY3d 523; *Vermont Teddy Bear Co. v 538 Madison Realty Co.,*

1 NY3d 470; *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708.) II. Any ambiguity in the policy must be construed against respondent. (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 940; *Venigalla v Penn Mut. Ins. Co.*, 130 AD2d 974; *Matter of Hanover Ins. Co. [St. Louis]*, 119 AD2d 529; *Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008; *Sincoff v Liberty Mut. Fire Ins. Co.*, 11 NY2d 386.) III. Joseph Kassis is an intended third-party beneficiary. (*Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38; *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68; *Albert J. Schiff Assoc. v Flack*, 51 NY2d 692; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group*, 309 AD2d 657.)

*Damon & Morey LLP*, Buffalo (*Vincent G. Saccomando* of counsel), for respondent. I. This Court should not consider the additional insured claim as it was never pleaded in appellants' complaint and was raised for the first time in their memorandum of law. (*Central State Bank v American Appraisal Co.*, 33 AD2d 1009; *Cohen v City Co. of N.Y.*, 283 NY 112; *Phelan v State of New York*, 238 AD2d 882; *Robinson v Kingston Hosp.*, 55 AD3d 1121.) II. Joseph Kassis is not entitled to coverage as he is not an additional insured on Kassis Superior Sign Co., Inc.'s policy with the Ohio Casualty Insurance Company. (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391; *Portacci v Moran Towing & Transp. Co.*, 615 F2d 293; *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708; *Ingargiola v Waheguru Mgt.*, 5 AD3d 732; *Grefer v Anderson*, 249 AD2d 892; *Fay's Drug Co. v British Am. Dev. Corp.*, 140 AD2d 810; *Glover v City of New York*, 215 AD2d 146; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153; *Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412; *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281.) III. Joseph Kassis is not a third-party beneficiary under Kassis Superior Sign Co., Inc.'s policy because no such intention is expressed in the policy and Joseph Kassis does not have a judgment against Superior Sign. (*Matter of James v State of New York*, 90 AD2d 342; *State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152; *Jefferson v Sinclair Ref. Co.*, 10 NY2d 422; *Cole v Metropolitan Life Ins. Co.*, 273 AD2d 832; *University Garden Apts. v Nationwide Mut. Ins. Co.*, 284 AD2d 975; *Hershberger v Schwartz*, 198 AD2d 859; *Northland Assoc. v Joseph Baldwin Constr. Co.*, 6 AD3d 1214.) IV. Any contractual indemnification claim by Joseph Kassis against Kassis Superior

Sign Co., Inc. must be brought as a third-party action in connection with the underlying action. (*Northland Assoc. v Joseph Baldwin Constr. Co.,* 6 AD3d 1214.) V. Even if appellants were entitled to coverage, they would not be entitled to attorneys' fees for the prosecution of this action. (*Hershberger v Schwartz,* 198 AD2d 859; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12.)

*Siller Wilk LLP,* New York City (*M. William Scherer* of counsel), for Siller Wilk LLP, amicus curiae. I. The "mutual benefit" requirement obligated the tenant to procure insurance, making the landlord an additional insured. (*Grefer v Anderson,* 249 AD2d 892; *Fay's Drug Co. v British Am. Dev. Corp.,* 140 AD2d 810; *Ingargiola v Waheguru Mgt.,* 5 AD3d 732; *Glover v City of New York,* 215 AD2d 146; *South Rd. Assoc., LLC v International Bus. Machs. Corp.,* 4 NY3d 272; *Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.,* 94 NY2d 398; *BP A.C. Corp. v One Beacon Ins. Group,* 8 NY3d 708; *Album Realty Corp. v American Home Assur. Co.,* 80 NY2d 1008; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.,* 10 NY3d 187.) II. The majority's reasoning is faulty because it overlooks General Obligations Law § 5-321.

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

■ We are asked to determine whether a landlord is an additional insured under an insurance policy obtained by his tenant such that the insurer is obligated to defend and indemnify the landlord in an underlying personal injury lawsuit. Joseph Kassis (Kassis) leased property in Syracuse, New York to Kassis Superior Sign Co., Inc. (Superior Sign), and Superior Sign obtained a commercial general liability insurance policy on the property from The Ohio Casualty Insurance Company (Ohio Casualty). On February 25, 2004, Andrew Holden, a Superior Sign employee, slipped on an accumulation of snow and/or ice on the leased property and thereafter commenced the underlying action against Kassis. Ohio Casualty disclaimed on the ground that the policy, which names only Superior Sign, did not afford Kassis coverage. Kassis and Superior Sign commenced this action seeking a declaration that Ohio Casualty is obligated to defend and indemnify Kassis in the *Holden* action.[1] Supreme

---

1. ■ Kassis has standing to bring this action because a person claiming to be an insured under an insurance policy may bring a declaratory judgment

Court granted plaintiffs' motion for summary judgment in part and declared that Ohio Casualty is obligated to provide a defense in the *Holden* action (2007 NY Slip Op 34414[U]). The Appellate Division reversed and found no obligation to defend or indemnify (51 AD3d 1366 [4th Dept 2008]). Plaintiffs have appealed as of right, pursuant to CPLR 5601 (a), and we now reverse.

Under the lease, Superior Sign is obligated to pay for snow removal services and to

> "indemnify, defend, and hold harmless Landlord from any and all damages, costs, expenses, and liabilities for anything arising out of the occupancy of the Premises caused by Tenant or its agents and from any loss or damage arising out of the acts of Tenant or its agents or the failure of Tenant to comply with the terms and conditions" of the lease.

The lease further provides that Superior Sign, "at its sole cost and expense and for the mutual benefit of Landlord and Tenant, shall maintain a general liability policy . . . providing coverage against claims for bodily injury, personal injury and property damage" with specified aggregate and per occurrence coverage amounts.

Superior Sign obtained a commercial general liability insurance policy from Ohio Casualty. The policy provides bodily injury coverage where "the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement" and that contract or agreement falls within the definition of an "insured contract." The parties do not dispute that Superior Sign's lease is an "insured contract" as that term is defined in the insurance policy.[2] Moreover, the policy's blanket additional insured provision extends coverage not simply to the named insured, i.e., Superior Sign, but also to "any person or organization whom [the named insured is] required to name as an additional insured on this policy under a written contract or agreement." " 'Additional insured' is a recognized term in insurance

action against an insurer "when an actual controversy develops concerning the extent of coverage, the duty to defend, or other issues arising from the insurance contract" (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 353 [2004]).

2. Under the policy, an "insured contract" includes a "contract for a lease of premises" and "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." "[T]ort liability" is further defined as a "liability that would be imposed by law in the absence of any contract or agreement."

contracts," and "the well-understood meaning of the term is an entity enjoying the *same* protection as the named insured" (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [some internal quotation marks and citations omitted; emphasis added]). Notably, the insurance policy does not require Superior Sign to provide Ohio Casualty with notice of those persons or organizations Superior Sign is contractually required to name as an additional insured on the policy. Superior Sign is not required to complete and return to Ohio Casualty any notification forms listing those persons or organizations that it intended to name as additional insureds under the policy, nor does the policy require the submission of any additional insured certificates or the like.

Thus, in deciding the ultimate question—i.e., whether Kassis is an additional insured under the subject policy obligating Ohio Casualty to defend and indemnify him in connection with the underlying personal injury action—we need only determine whether, under the lease, Superior Sign was required to ensure that Kassis received general liability insurance coverage equivalent to the coverage Superior Sign enjoyed.

██ Pursuant to the general liability insurance provision of the lease in question, Superior Sign was obligated to obtain coverage at specified monetary levels in the aggregate and per occurrence against "claims for bodily injury, personal injury and property damage" "at its sole cost and expense and for the mutual benefit of [Kassis] and [Superior Sign]." The natural and intended meaning of the term "mutual benefit" as used in this provision is that Kassis and Superior Sign are intended to enjoy the same level of coverage.

The intent and meaning of the term "mutual benefit" in the provision becomes clear when juxtaposed with the language of the other insurance provisions of the lease. The lease expressly contemplates that both Kassis and Superior Sign will enjoy fire insurance, and the lease further provides in an "Additional Insurance" provision that Superior Sign may obtain certain types of insurance coverage just for itself. With respect to fire insurance, Kassis, "at Tenant's sole cost and expense," is to "keep the Premises insured for the benefit of the parties against loss or damage by fire," and fire insurance "may be written either under separate policies in Landlord's name or combined with other coverages acquired by Tenant." As for the additional insurance provision, it specifies that Superior Sign, "at its sole cost and expense, may maintain insurance coverage for its

benefit on Tenant's leasehold improvements and Tenant's personal property in such amounts as Tenant deems appropriate with Tenant assuming the risk of any co-insurance." The additional insurance provision also expressly permits Superior Sign to "effect for its own account any insurance not required by the provisions of this Lease, including business interruption insurance or insurance covering Tenant's equipment and personal property." Plainly, where a disparity in coverage as between insureds was contemplated—i.e., where the insurance to be procured was not for the insureds' "mutual benefit"—it was expressly noted.

It is therefore clear that Superior Sign was obligated under the lease to procure the same level of general liability insurance coverage for Kassis as it obtained for itself, and because of that, Kassis falls within the policy's additional insured provision. Because Kassis is considered an additional insured, Ohio Casualty is obligated to defend him in the underlying personal injury action and, if appropriate, indemnify him as an additional insured in accordance with the policy. The parties' remaining contentions are without merit.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.