■ JERRY WATSON, Appellant, v NEWELL INDUSTRIES, INC., Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. RED HOOK RECYCLING CORPORATION, Third-Party Defendant-Respondent. [888 NYS2d 175]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 25, 2008, which granted the motion of the defendant Newell Industries, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Newell Industries, Inc., which was for summary judgment dismissing all cross claims insofar as asserted against it is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511), and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court, inter alia, granted that branch of the motion of the defendant Newell Industries, Inc. (hereinafter Newell), which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that Newell, a foreign corporation, had become defunct at the conclusion of a chapter 7 bankruptcy proceeding (11 USC § 701 *et. seq.*), and the plaintiff had not filed a claim against Newell's bankruptcy estate prior to the liquidation of its assets.

On appeal, the plaintiff concedes that he cannot recover against Newell because it is defunct, but argues that the Supreme Court should have permitted his action against Newell to continue so that liability could be apportioned in a third-party action asserted by Newell against Red Hook Recycling Corporation (hereinafter Red Hook). However, the indemnification and contribution claims asserted in the third-party complaint arise from Newell's potential liability to the plaintiff in the main action. Since the plaintiff cannot recover against Newell in the main action, there is no basis upon which Newell may obtain indemnification or contribution from Red Hook (*see generally Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549-550 [2008]; *Beneficial Natl. Life Co. v Small*, 184 AD2d 241, 242 [1992]; *Ulysse v Nelsk Taxi*, 135 AD2d 528, 530 [1987]).

Accordingly, the Supreme Court properly granted that branch of Newell's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.