■ FAHIM MAJAWALLA, as Executor of YUSUF K. MAJAWALLA, Deceased, et al., Appellants, v UTICA FIRST INSURANCE COMPANY, Respondent. [897 NYS2d 217]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Mangerino v Mirani,* pending in the Supreme Court, Queens County, under index No. 3118/05, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated November 19, 2008, which granted the defendant's motion for summary judgment declaring that the defendant is not so obligated.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is denied.

The individual plaintiffs in this action conducted business as the plaintiff Yashi Associates. In that capacity, they owned the premises at 65-00 Myrtle Avenue in Glendale and leased it to nonparty Glendale Convenience Store, Inc. (hereinafter Glendale Convenience). On or about January 14, 2004, nonparty Janet Mangerino allegedly fell in the parking lot of the store at that address, sustaining injuries. While Mangerino originally asserted that she fell on the sidewalk adjacent to the store, at her deposition she unequivocally testified that she fell in the parking lot, not on the sidewalk.

On or about February 2, 2005, Mangerino commenced an action against the plaintiff Ghanshyam Mirani and Glendale Convenience, seeking to recover damages for personal injuries allegedly sustained as a result of her fall. On or about June 23, 2005, Mangerino commenced a personal injury action against the plaintiffs Yusuf K. Majawalla, Shoaib F. Haveliwala, and Yashi Associates based on the same occurrence. In an order dated August 15, 2006, upon stipulation of the parties, the Supreme Court, Queens County, consolidated the two actions into what is the underlying action here.

A provision of the lease between Yashi Associates, as lessor, and Glendale Convenience, as lessee, required the lessee to maintain an insurance policy in connection with the leased premises, and to name the lessor as an additional insured under

the policy. However, the policy obtained by the lessee did not name Yashi Associates or the individual plaintiffs as additional insureds. When the plaintiffs demanded that the defendant defend and indemnify them in the underlying action, the defendant disclaimed coverage.

The plaintiffs commenced this action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify them in the underlying action. The defendant moved for summary judgment declaring that it had no duty to defend the plaintiffs in the underlying action. The Supreme Court granted the defendant's motion. We reverse.

The defendant established, prima facie, that the plaintiffs were not entitled to coverage as additional insureds under the subject policy as they were not named as insureds or additional insureds therein (*see Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co.*, 55 AD3d 671, 673 [2008]; *see also Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198, 200 [2004]). However, in opposition, the plaintiffs raised a triable issue of fact. In its commercial liability section, the policy provided that the defendant would not pay for bodily injury or property damage liability assumed under a contract. However, this section further stated that this exclusion "does not apply to an incidental contract." The policy's definition of an "incidental contract" included, inter alia, leases of premises, but the policy did not expressly state that the defendant was obligated to provide coverage pursuant to terms of an "incidental contract" (*compare Kassis v Ohio Cas. Ins. Co.*, 12 NY3d 595 [2009]). "Where, as here, the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" (*Pepco Constr. of N.Y., Inc. v CNA Ins. Co.*, 15 AD3d 464, 465 [2005]). The ambiguity here raised a triable issue of fact as to whether the defendant was obligated to defend and indemnify the plaintiffs by operation of the subject insurance policy and the lease (*cf. Travelers Ins. Co. v Utica Mut. Ins. Co.*, 27 AD3d 456 [2006]; *State Farm Fire & Cas. Ins. Co. v Meis*, 23 AD3d 372 [2005]; *Pepco Constr. of N.Y., Inc. v CNA Ins. Co.*, 15 AD3d 464 [2005]). A triable issue of fact also exists as to whether the defendant would be obligated to defend and indemnify the plaintiffs based on where the accident occurred and whether the location constituted the "demised premises," whether it constituted an area "in or about the demised premises or any part thereof" as referred to in the provision of the rider to the lease pertaining to insurance, or whether it was not part of the demised premises and, thus, not subject to coverage by the de-

fendant. Further, we note that a motion for summary judgment by Glendale Convenience, the named insured, was granted by the Supreme Court, Queens County, in an order dated April 20, 2007. If the defendant is found to be obligated to defend and indemnify the plaintiffs by operation of the insurance policy and lease, a triable issue of fact exists as to whether the defendant would be released from that obligation because Glendale Convenience has been absolved of all liability in the underlying action. In this regard, the term "[a]dditional insured" is typically understood to mean " 'an entity enjoying the same protection as the named insured' " (*Kassis v Ohio Cas. Ins. Co.*, 12 NY3d at 599-600, quoting *Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [internal quotation marks omitted]).

With regard to the validity of the lease, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the lease and rider were executed only by the plaintiff Ghanshyam Mirani on behalf of the landlord, and not by the tenant. However, in opposition, the plaintiffs submitted what they alleged to be a recently discovered copy of the lease and rider executed by both parties, as well as an affidavit describing the alleged recent discovery of the fully executed lease and rider. Under the circumstances presented here, this was sufficient to raise a triable issue of fact as to whether the lease and rider were authentic and in effect at the time of the alleged accident.

The Supreme Court incorrectly concluded that the defendant properly disclaimed coverage based on a policy provision in which the defendant, expressly excluded from coverage, inter alia, "paved outdoor surfaces, including driveways, parking lots, roads and walks." This provision appears in the "property coverages" section of the policy. No similar exclusion is found in the "commercial liability coverages" portion of the policy. Thus, the policy does not expressly exclude from coverage commercial liability for incidents occurring in the parking lot.

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.