■ Kevin Lue, Respondent, v Finkelstein & Partners, LLP, et al., Appellants. [943 NYS2d 636]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ca-

tena, J.), entered March 31, 2011 in Montgomery County, which, among other things, granted plaintiff's motion for partial summary judgment.

In January 2002, plaintiff, while working for O'Connell Electric, fell from a scissor lift at a construction work site owned by K-Mart Corporation. Defendants failed to preserve plaintiff's Labor Law § 240 claim during K-Mart's chapter 11 bankruptcy, resulting in the claim being reduced to zero dollars by the Bankruptcy Court in 2004. Plaintiff, represented by new counsel, subsequently commenced an action against various defendants, but his claim against K-Mart was dismissed by Supreme Court (Cannizzaro, J.) based upon the Bankruptcy Court's order. No appeal was pursued from such dismissal.

Plaintiff eventually settled his claim against another defendant—United Rentals, Inc., the supplier of the scissor lift—for $235,000. He then brought this legal malpractice action, which was previously before us regarding a discovery dispute (*Lue v Finkelstein & Partners, LLP*, 67 AD3d 1187 [2009]), asserting that he would have had a larger recovery if his Labor Law § 240 strict liability claim against K-Mart had been preserved by defendants. Plaintiff moved for partial summary judgment on the issue of liability, and defendants cross-moved for summary judgment dismissing the complaint upon the ground that plaintiff could not prove that defendants' alleged malpractice caused him any damages beyond what he had recovered from United Rentals. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants appeal, arguing that since plaintiff cannot recover any damages other than those that he has already received, his motion for partial summary judgment should have been denied and their cross motion for summary judgment should have been granted.

We find that factual issues exist in this record precluding summary judgment to either party. In a legal malpractice action, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]). Defendants argue that, even if they had preserved a claim against K-Mart, funds would not have been available to collect on a favorable Labor Law § 240 cause of action because K-Mart was self-insured and the record does not establish that K-Mart was named as an additional insured on O'Connell Electric's policy

with its insurer, Interstate Insurance Group. Plaintiff counters by contending that O'Connell Electric had agreed in a written contract to indemnify K-Mart as well as name K-Mart as an additional insured, and that an avenue to O'Connell Electric's insurer was provided by Insurance Law § 3420 and the 1978 Bankruptcy Code (see 11 USC § 524 [a], [e]).

The contract between O'Connell Electric and K-Mart had an indemnification clause[1] and also a clause requiring that O'Connell Electric include K-Mart as an additional insured. It is the general rule that there is no right to indemnification if the indemnitee does not sustain an actual loss (see Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]; Jackson v Citizens Cas. Co., 277 NY 385, 389 [1938]; Bank of India v Trendi Sportswear, Inc., 2002 WL 84631, *4-5, 2002 US Dist LEXIS 894, *10-14 [SD NY 2002], affd 64 Fed Appx 827 [2d Cir 2003], cert denied 540 US 1074 [2003]). This rule had the effect of protecting an insurer from having to pay an injured party when its insured was insolvent or bankrupt. Thus, the Legislature long ago carved out an exception to the rule and "remedied this inequity by creating a limited statutory cause of action on behalf of injured parties directly against insurers" (Lang v Hanover Ins. Co., 3 NY3d at 354; see Coleman v New Amsterdam Cas. Co., 247 NY 271, 275 [1928]). This exception is authorized by the Bankruptcy Code (see 11 USC § 524 [a], [e]), and a personal injury plaintiff may pursue an action against a bankrupt defendant for the purpose of obtaining a judgment to be enforced against that defendant's insurer (see Lang v Hanover Ins. Co., 3 NY3d at 354-355; Green v Welsh, 956 F2d 30, 35 [2d Cir 1992]; Collier on Bankruptcy ¶ 524.05 [16th ed]). Since it is well settled that an additional insured has the same protection as a named insured (see Kassis v Ohio Cas. Ins. Co., 12 NY3d 595, 599-600 [2009]; Pecker Iron Works of N.Y. v Traveler's Ins. Co., 99 NY2d 391, 393 [2003]), it follows that an Insurance Law § 3420 cause of action could be brought against the insurer of an additional insured.

Here, the contract required O'Connell Electric to name K-Mart as an additional insured. However, as defendants point out, there is no proof in the record that this was actually done. Establishing that a party is an additional insured is not generally difficult (see Kassis v Ohio Cas. Ins. Co., 12 NY3d at 599-600). But, the policy is not in the record and there is not even a

---

1. Plaintiff did not suffer a grave injury and, thus, common-law indemnification would not have been available to K-Mart against O'Connell Electric, plaintiff's employer (see Workers' Compensation Law § 11; Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005]).

sworn statement from a person with actual knowledge indicating such coverage was in place.[2] Under such circumstances, plaintiff has failed to establish as a matter of law that a potential claim existed under Insurance Law § 3420 against Interstate Insurance Group.

Nor does this record support the conclusion that the contractual indemnification claim was established as a matter of law as a way that plaintiff could have reached the funds of Interstate Insurance Group. Without addressing potential legal hurdles of such a reach (*see generally Lang v Hanover Ins. Co.*, 3 NY3d at 353; *Watson v Newell Indus., Inc.*, 67 AD3d 780, 781 [2009]; *Matter of Lee v Maltais*, 250 AD2d 951, 952-953 [1998], *lv denied* 92 NY2d 809 [1998]), we need only note that a contractual indemnification clause is not enforceable where there is active negligence by the indemnitee (*see McKeighan v Vassar Coll.*, 53 AD3d 831, 833-834 [2008]). The record does not establish as a matter of law the role (if any) of K-Mart (the indemnitee) at the construction site or whether K-Mart was free from negligence.

Finally, we find unpersuasive defendants' assertion that plaintiff's strict liability claim under Labor Law § 240 would not have had potential additional value in the underlying litigation. Further, plaintiff submitted evidence which, when viewed most favorable to him, indicated that his injuries potentially had value beyond the amount for which he settled.

Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment on the issue of liability; said motion denied; and, as so modified, affirmed.

---

**2.** It is not unheard of for contractors to fail to obtain such coverage despite agreeing to do so (*see e.g. Kinney v Lisk Co.*, 76 NY2d 215 [1990]).