*470 Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 24, 2011, which denied the parties’ motions for summary judgment, unanimously affirmed, without costs.
In this declaratory judgment action, plaintiffs seek coverage from defendant in an underlying lawsuit against the plaintiff residential cooperative and some of its board members brought by a resident shareholder. The dispute centers, in part, on the timeliness of plaintiffs’ forwarding to defendant insurer of a number of documents submitted by the resident shareholder in the underlying action.
The motion court erred in finding an issue of fact as to whether plaintiffs breached their obligation under section IV (2) (c) (1) of the commercial general liability portion of the insurance policy by not immediately providing defendant insurer copies of the resident shareholder’s January 2007 correspondence, as well as the correspondence received after March 2007. Although the court correctly observed that it is not entirely clear whether these letters constituted “demands, notices, summonses or legal papers” as those undefined terms are used in the policy, because this question does not involve extrinsic evidence, the court should not have determined that interpretation of the ambiguous policy language was a question of fact. Rather, as a matter of law, the motion court should have resolved the ambiguity in the insurance contract against the insurer, as drafter of the policy’s language (see Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321, 326 [1996]; cf. Majawalla v Utica First Ins. Co., 71 AD3d 958, 960 [2d Dept 2010] [finding an issue of fact to resolve ambiguity in a contract provision that referred to an extrinsic agreement], lv dismissed 16 NY3d 871 [2011]). Therefore, letters or correspondence that are not clearly “demands, notices, summonses or legal papers” do not fall within this provision of the policy.
Nevertheless, the motion court properly denied partial summary judgment to plaintiffs, as there are remaining questions of fact regarding whether plaintiffs provided notice of claim as soon as practicable and whether they maintained a good faith, reasonable belief that the January 2007 correspondence was redundant of the December 2006 notice of incident (see Argentina v Otsego Mut. Fire Ins. Co., 86 NY2d 748, 750 [1995]).
The motion court also properly denied partial summary judgment to defendant insurer, as there is a question of fact regarding the timeliness of its disclaimer. There is a material factual dispute over the date on which the basis for defendant’s *471 disclaimer was readily apparent, as well as whether defendant’s explanation for any delay is satisfactory (see Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]). Concur — Friedman, J.E, Renwick, Freedman and Feinman, JJ.