M&M Realty of N.Y., LLC v Burlington Ins. Co. (2019 NY Slip Op 01513)





M&M Realty of N.Y., LLC v Burlington Ins. Co.


2019 NY Slip Op 01513


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8569 153949/16

[*1]M & M Realty of New York, LLC, et al., Plaintiffs-Appellants,
v
The Burlington Insurance Company, Defendant-Respondent, L & M Restoration, Inc., Defendant.


Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for appellants.
Adrian & Associates, LLC, New York (James M. Adrian of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 2, 2018, which denied plaintiff Tower Insurance Company's motion for summary judgment declaring that defendant Burlington Insurance Company is required to reimburse it for amounts incurred in defending and indemnifying plaintiff M & M Realty in the underlying action, and granted Burlington's motion for summary judgment dismissing the complaint as against it and declaring that it is not obligated to defend or indemnify Tower in connection with the underlying action, and so declared, unanimously modified, on the law, to deny Burlington's motion and vacate the declaration in its favor, and otherwise affirmed, without costs.
Defendant L & M Restoration was hired by defendant M & M Realty to perform work at M & M's building. L & M's insurance policy, issued by defendant Burlington Insurance Company, provided additional insured coverage for loss caused, in whole or in part, by L & M's acts or omissions to any entity that L & M agreed in writing to name as an additional insured. Plaintiff Tower Insurance Company, M & M's insurer, assumed M & M's defense of an action brought against it by an L & M employee injured on the job, after Burlington refused M & M's tender, and now seeks reimbursement from Burlington for costs it incurred defending and settling the underlying action.
The contract between M & M and L & M is ambiguous as to whether L & M was required to name M & M as an additional insured under the Burlington policy (see e.g. Insurance Corp. of N.Y. v Central Mut. Ins. Co., 47 AD3d 469 [1st Dept 2008]; cf. Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647 [2d Dept 2003] [no ambiguity where contract "simply required P & W (insured) to provide a certificate of insurance showing that P & W had both liability and workers' compensation coverage," since that phrase "does not pertain in any way to additional insured coverage"]). However, the extrinsic evidence properly considered by the motion court does not conclusively demonstrate the parties' intent in this regard but presents an issue of credibility to be determined by a factfinder.
If it is determined that L & M and M & M intended to name M & M as an additional insured under the Burlington policy, then Burlington will be obligated to reimburse Tower for its defense costs, because the allegations of the underlying complaint and the known facts suggest a reasonable possibility of coverage, i.e., a reasonable possibility that the underlying injury was caused, in whole or in part, by L & M's acts or omissions (see City of New York v Wausau Underwriters Ins. Co., 145 AD3d 614, 617 [1st Dept 2016]; Fitzpatrick v American Honda Motor Co, 78 NY2d 61, 67-68 [1991]; Pioneer Cent. Sch. Dist. v Preferred Mut. Ins. Co., 165 AD3d 1646, 1647 [4th Dept 2018]; see also BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714-715 [2007] [standard for determining additional insured's entitlement to defense is [*2]same as that for determining named insured's entitlement to defense]). Moreover, Tower submitted evidence that demonstrates that the acts or omissions of L & M, which directed and controlled the underlying plaintiff's work, were a proximate cause of the plaintiff's injuries (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321-322 [2017]).
To the extent L & M and M & M intended to name M & M as an additional insured under the Burlington policy, the policy issued
to M & M by Tower is excess over the Burlington policy (see Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co., 303 AD2d 323, 324 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK