Avi & Co. N.Y.Corp v Those Certain Underwriters at Lloyds London Subscribing to Policy No.FINFR1902879 (2026 NY Slip Op 00186)

Avi & Co. N.Y.Corp v Those Certain Underwriters at Lloyds London Subscribing to Policy No.FINFR1902879

2026 NY Slip Op 00186

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 650374/21|Appeal No. 5622|Case No. 2024-06574|

[*1]Avi and Co. N.Y.Corp et al., Plaintiffs-Appellants,
vThose Certain Underwriters at Lloyds London Subscribing to Policy No.FINFR1902879, Defendant-Respondent. 

Weg and Myers, P.C., Rye Brook (Dennis D'Antonio of counsel), for appellants.
Wade Clark Mulcahy LLP, New York (Dennis M. Wade of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered October 11, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiffs, sellers of jewelry, consigned watches to nonparty El Russo, a dealer that was not on plaintiffs' payroll. While the watches were in the custody of El Russo, they were stolen from an unattended vehicle. Defendant insurer disclaimed coverage, citing to the policy's unattended vehicle exclusion, which excluded losses to certain items "while in or upon any automobile . . . unless, at the time the loss or damage occurs, there is actually in or upon such vehicle, the Insured, employee or officer of the Insured, commission salesperson or selling agent, or a person whose sole duty it is to attend the vehicle." The exclusion also had an enumerated list of custodians which the exclusion did not apply to, and El Russo did not qualify as one of them.
Defendant established that the unattended vehicle exclusion applied to El Russo and excluded coverage for plaintiffs' claim (see Soufeh v Reliance Ins. Co., 162 AD2d 308, 309 [1st Dept 1990]). The section of the policy that provided a coverage limit to the watches held by El Russo was "subject to the conditions within," which consequently made El Russo subject to the unattended vehicle exclusion (see Insurance Corp. of N.Y. v Central Mut. Ins. Co., 47 AD3d 469, 471 [1st Dept 2008]). Moreover, El Russo did not qualify as any of the listed individuals whom the unattended vehicle exclusion did not apply to. The fact that El Russo was not "the Insured, employee or officer of the Insured, commission salesperson or selling agent, or a person whose sole duty it is to attend the vehicle" does not mean that the exclusion does not apply.
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026