■ DALE DEL BELLO, Individually and as Successor in Interest in Liquidation of NIPPON STEAK HOUSE, INC., et al., Respondents, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant, and SCHEFF & KAITZ INSURANCE AGENCY, INC., Respondent.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiff Nippon Steak House, Inc. (Nippon), the predecessor in interest to plaintiff Dale Del Bello, is the former owner of premises leased to First Wok Chinese Restaurant (First Wok). Defendant Scheff & Kaitz Insurance Agency (Scheff) orally bound

insurance coverage on behalf of First Wok with General Accident Insurance Company of America (General Accident) in the form of a Special Multi-Peril insurance policy, including coverage for general liability and fire and contents damage. When informed that Nippon was the owner of the premises, Scheff prepared an insurance binder that included Nippon as an "additional insured". The binder was approved by General Accident and one week later the building was largely destroyed by fire.

We reject General Accident's contention that the language in the binder describing Nippon as an "additional insured" limited Nippon's coverage only to liability. As an "additional insured" Nippon's coverage was as broad as that afforded to First Wok, the named insured, and Nippon was, therefore, covered for the fire damage. Although the Special Multi-Peril policy was not issued until after the fire loss, the insurance binder provided the same protection (see, Employer's Commercial Union Ins. Co. v Firemen's Fund Ins. Co., 45 NY2d 608; 68 NY Jur 2d, Insurance, § 670).

It is undisputed that Scheff had an agency contract with General Accident, giving Scheff full authority to issue and deliver binders and policies of insurance on behalf of General Accident (see, Cees Rest. v Lobdell, 15 NY2d 275; Nojaim Bros. v CNA Ins. Cos., 113 AD2d 109). It is also uncontroverted that Scheff sought fire and property insurance protection on behalf of Nippon as an "additional insured" (see, Cetta v Robinson, 145 AD2d 820), which term has a well-understood meaning in the insurance industry as an "entity enjoying the same protection as the named insured" (Rubin, Dictionary of Insurance Terms [Barron's 1987]). At best, General Accident's position regarding the limitation of that term creates an ambiguity which must be resolved against it (see, Tri Town Antlers Found. v Fireman's Fund Ins. Co., 158 AD2d 908, affd 76 NY2d 841; Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, rearg denied 54 NY2d 753).

With respect to the "GL-2011" endorsement purporting to limit Nippon's coverage to liability, we note only that its pages are undated and that it was not issued by General Accident until one month after the loss.

We also reject General Accident's contention that plaintiffs' claim in the amended complaint for damages to the building's contents is barred by the Statute of Limitations. Plaintiffs' original pleading set forth the facts of the insured occurrence. It was timely filed and the claim in the amended pleading for

contents damages relates back to the original complaint (see, CPLR 203 [e]).

In light of the foregoing, it was unnecessary for Supreme Court to reform the insurance contract and we, therefore, modify the judgment to vacate that portion ordering the policy reformed, and otherwise affirm. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Declaratory Judgment.) Present—Boomer, J. P., Green, Boehm and Fallon, JJ.