OPINION OF THE COURT
 

 Rosenblatt, J.
 

 This case involves the relative obligations of two liability insurance carriers covering the same risk. The outcome turns on whether the insurance policy in question extends primary or merely excess coverage to “additional insureds.” We conclude that the policy provides primary coverage, and therefore affirm the order of the Appellate Division.
 

 At the time of the injury giving rise to the present dispute, Pecker Iron Works engaged Upfront Enterprises to provide labor, materials and equipment for a construction project under the supervision of a general contractor. As a subcontractor, Upfront agreed “to furnish [Pecker] with Certificates of Insurance for Liability and Workers Compensation and name Pecker * * * as an additional insured.” Upfront’s insurance contract
 
 *393
 
 with the Travelers Indemnity Company of Connecticut
 
 *
 
 —the policy at issue — provided Upfront with primary coverage, and also covered such “additional insureds” as Upfront would designate in a written contract. Another provision of the policy provided that for those “additional insureds,” coverage would only be excess, unless Upfront “ha[d] agreed in a written contract for this insurance to apply on a primary or contributory basis.”
 

 An Upfront worker was injured at the site and sued the general contractor and the owner of the property (see
 
 Jansen v C. Raimondo & Son Constr. Corp.,
 
 293 AD2d 574 [2002]). They in turn impleaded Pecker, who then sought a judgment declaring that Travelers was obligated to provide primary coverage for any liability resulting from the accident. Pecker based its claim on its contract with Upfront and on Upfront’s policy with Travelers.
 

 Supreme Court granted Travelers’ motion to dismiss, concluding that, by its terms, the Travelers policy provided only excess coverage in the absence of a written, express designation of primary coverage and that the Upfront-Pecker contract contained no such written designation. The Appellate Division reversed, holding that there was no indication in the Pecker-Upfront agreement that as an “additional insured” Pecker would receive only excess, as opposed to primary, coverage. The Court thus determined that coverage for “additional insureds” was primary coverage unless unambiguously stated otherwise. We agree, and affirm.
 

 Pecker’s claim against Travelers arises from its status as an “additional insured” under the policy, so we begin with that document. It is undisputed that Travelers provided Upfront with primary coverage and that Upfront agreed to make Pecker an additional insured. “Additional insured” is a recognized term in insurance contracts, with an understanding crucial to our conclusion in this case. As cases have recognized, the “well-understood meaning” of the term is “an ‘entity enjoying the same protection as the named insured’ ”
 
 (Del Bello v General Acc. Ins. Co.,
 
 185 AD2d 691, 692 [1992], quoting Rubin, Dictionary of Insurance Terms 7 [Barron’s 1987];
 
 see also Jefferson Ins. Co. v Travelers Indem. Co.,
 
 92 NY2d 363, 372 [1998];
 
 Wong v New York Times Co.,
 
 297 AD2d 544, 547 [2002]).
 

 When Pecker engaged Upfront as a subcontractor and in writing provided that Upfront would name Pecker as an ad
 
 *394
 
 ditional insured, Pecker signified, and Upfront agreed, that Upfront’s carrier — not Pecker’s — would provide Pecker with primary coverage on the risk. Pursuant to the policy provision at issue, Travelers agreed to provide primary insurance to any party with whom Upfront had contracted in writing for insurance to apply on a primary basis. When Upfront agreed to it, the policy provision was satisfied.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Graffeo and Read concur.
 

 Order affirmed, with costs.
 

 *
 

 Sued incorrectly as “Traveler’s Insurance Company.”