■ Tomco Painting & Contracting, Inc., Respondent, v Transcontinental Insurance Company, Appellant. [801 NYS2d 819]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Brady v Kapson Senior Quarters Corp.*, pending in the Supreme Court, Suffolk County, under index No. 10475/98, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered July 16, 2004, as granted that branch of the plaintiff's motion which was for summary judgment declaring that the defendant shall afford the plaintiff general liability insurance coverage in the sum of $1,000,000 and, in effect, denied that branch of the defendant's cross motion which was for summary judgment declaring that the general liability insurance coverage which the defendant must afford to the plaintiff is limited to the sum of $500,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 13, 1997, the plaintiff, a general contractor on a construction project, entered into a contract with Warren R. Cervini, Inc. (hereinafter the subcontractor), whereby the subcontractor agreed to perform sheetrock and carpentry work. Pursuant thereto, the plaintiff required the subcontractor to obtain general liability insurance with "[m]inimum general liability limits of 500,000/1,000,000" and to name the plaintiff as an additional insured. The subcontractor added the plaintiff, as an additional insured, to an existing policy issued by the defendant. This policy provided for, inter alia, a limit of coverage of $1,000,000 per occurrence and $2,000,000 in the aggregate. A

"Blanket Additional Insured Endorsement" (hereinafter the endorsement) to the policy provided that "[t]he Limits of Insurance applicable to the additional insured are those specified in the written contract or agreement or in the Declarations of this policy, whichever is less."

Thereafter, John R. Brady, an employee of the subcontractor, commenced an action entitled *Brady v Kapson Senior Quarters Corp.*, pending in the Supreme Court, Suffolk County, under index No. 10475/98 (hereinafter the underlying action), against, among others, the plaintiff.

The plaintiff commenced the instant action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify it in the underlying action. As is relevant to the instant appeal, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment declaring that the defendant shall afford the plaintiff liability insurance coverage in the sum of $1,000,000 and, in effect, denied that branch of the defendant's cross motion which was for summary judgment declaring that the liability insurance coverage which the defendant must afford to the plaintiff is limited to the sum of $500,000.

While unambiguous provisions of a policy are given their plain and ordinary meaning, where there is ambiguity as to the existence of coverage, doubt must be resolved in favor of the insured and against the insurer (*see Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

In this case, the endorsement states that "[t]he Limits of Insurance applicable to the additional insured are those specified in the written contract or agreement or in the Declarations for this policy, whichever is less." The limits of insurance contained in the declarations for the policy are $1,000,000 per occurrence and $2,000,000 in the aggregate. However, in the written "subcontract" entered into between the plaintiff and the subcontractor, there is no mention of any specific limits of insurance. Therein, the plaintiff required only *"[m]inimum* general liability limits of 500,000/1,000,000" (emphasis supplied). Under the facts of this case, the plaintiff, as an additional insured, is "an 'entity enjoying the same protection as the named insured' " (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003], quoting *Del Bello v General Acc. Ins. Co. of Am.*, 185 AD2d 691, 692 [1992]). The defendant must afford the plaintiff general liability insurance coverage in the sum of $1,000,000, as provided for in the declarations for the policy. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.