■ DAVID CHRISTA CONSTRUCTION, INC., et al., Appellants, v AMERICAN HOME ASSURANCE COMPANY, Respondent, et al., Defendants. [873 NYS2d 409]—

Appeals from an order of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered October 31, 2007 in a declaratory judgment action. The order denied the motions of plaintiffs insofar as they sought summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, those parts of the motions seeking summary judgment are granted, and judgment is granted in favor of plaintiffs as follows:

It is adjudged and declared that defendant American Home Assurance Company is obligated to provide primary coverage for the defense and indemnification of plaintiff David Christa Construction, Inc. in the underlying action and that plaintiff Howard Mills, as Superintendent of Insurance of State of New York and ancillary receiver of Reliance Insurance Company, is obligated to provide excess coverage to plaintiff David Christa Construction, Inc. in the underlying action.

Memorandum: Daniel Roosa, an employee of Spring Lake Excavating, Inc. (Spring Lake), was injured while working on a construction project at Cornell University (project). Plaintiff David Christa Construction, Inc. (Christa) was the general contractor on the project and held a commercial general liability insurance policy from United Pacific Insurance Company, a subsidiary of Reliance Insurance Company (collectively, United). In its subcontract with Christa, Spring Lake agreed to procure liability insurance naming Christa as an additional insured. Spring Lake obtained a comprehensive liability insurance policy from American Home Assurance Company (defendant) that included as an "[a]dditional [a]ssured[ ]" (hereafter, additional insured) any organization to which Spring Lake "agreed, by written contract, to provide coverage, but only with respect to operations performed by or on behalf of" Spring Lake. Roosa and his wife commenced a Labor Law and common-law negligence action against, inter alia, Christa, and Christa subsequently commenced a third-party action against Spring Lake.

Before us on this appeal are consolidated actions. The first is an action commenced by Christa seeking, inter alia, a declaration that it is covered under defendant's policy and that defendant is obligated to defend and indemnify Christa in the underlying action. The second is an action commenced by plaintiff Superintendent of Insurance of State of New York and ancillary receiver of Reliance Insurance Company (plaintiff Superintendent), seeking, inter alia, a declaration that defendant's obligation to defend and indemnify Christa in the underlying action is primary with respect to any obligations of plaintiff Superintendent and any funds available under the receivership. In a prior appeal, we concluded that "Supreme Court properly denied defendant's motion insofar as it sought a declaration concerning the priority of coverage among the applicable insurance policies," i.e., defendant's policy and two other policies,

based on defendant's failure to join one of those insurers as a necessary party (*David Christa Constr., Inc. v American Home Assur. Co.*, 41 AD3d 1211, 1211 [2007]).

In this action, Christa moved, inter alia, for summary judgment declaring that defendant is obligated to provide primary coverage for the defense and indemnification of Christa in the underlying action and that "the obligations on the part of [United] and [plaintiff Superintendent] as Ancillary Receiver are purely excess and secondary in nature." Plaintiff Superintendent also moved, inter alia, for summary judgment declaring that defendant is obligated to provide primary coverage for the defense and indemnification of Christa and that any obligations of plaintiff Superintendent are excess. Plaintiffs appeal from an order denying both motions insofar as they sought summary judgment, based on the court's determination that "there is a question of fact requiring certain discovery before the matter of the priorities of insurance coverage can be finally determined . . . ." While this appeal was pending, the jury rendered a verdict against Christa and in favor of Spring Lake in the trial of Christa's third-party action against Spring Lake in the underlying action, and the court dismissed the third-party complaint.

We conclude that the court erred in denying plaintiffs' respective motions insofar as they sought summary judgment declaring the priority of insurance coverage. We agree with plaintiffs that the policies of United and defendant, when read together, unambiguously provide that the coverage provided by defendant is primary and that the coverage provided by United, and thus plaintiff Superintendent by virtue of the receivership, is excess. The scope of insurance coverage obtained by a general contractor and subcontractor "must be determined by the terms of the policies, not the terms of the subcontract" (*United States Fid. & Guar. Co. v CNA Ins. Cos.*, 208 AD2d 1163, 1165 [1994]). Here, the additional insured provision of defendant's policy was triggered when Spring Lake agreed in the subcontract agreement to obtain liability insurance and to list Christa as an additional insured. The well-settled definition of the term "additional insured" is "an entity enjoying the same protection as the named insured" (*Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003] [internal quotation marks omitted]). Under defendant's policy, the coverage afforded to Spring Lake was to be excess over any other insurance available to it "other than [i]nsurance that is excess" to defendant's policy. Inasmuch as Christa was an additional insured, defendant likewise was obligated to provide Christa with excess coverage

unless other insurance available to Christa provided only excess, rather than primary, coverage. United's policy unambiguously provided that it was to be excess over any other insurance covering Christa and on which it was not the named insured, which would include defendant's policy. Thus, United's policy provided Christa with excess coverage over defendant's policy.

We also agree with plaintiffs that defendant is required to defend and indemnify Christa in the underlying action, regardless of the dismissal of the third-party complaint against Spring Lake. The language of defendant's additional insured provision "focuses not upon the precise cause of the accident, as defendant[ ] urge[s], but upon the general nature of the operation in the course of which the injury was sustained" (*Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83, 83 [1994]). The parties do not dispute that Roosa was employed by Spring Lake and injured while performing construction work for Spring Lake. Consequently, we conclude that Roosa was injured while acting "with respect to operations performed by or on behalf of" Spring Lake and that defendant is obligated to provide coverage to Christa as an additional insured pursuant to its policy. The fact that Roosa's injury may have been caused by Christa's negligence is immaterial with respect to the issue whether Christa is covered under defendant's policy (*see Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co.*, 303 AD2d 323, 324 [2003]; *Turner Constr. Co. v Pace Plumbing Corp.*, 298 AD2d 146, 147 [2002]; *Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.*, 266 AD2d 9 [1999]; *Lim v Atlas-Gem Erectors Co.*, 225 AD2d 304, 305-306 [1996]).

We thus conclude that defendant is obligated to provide primary coverage for the defense and indemnification of Christa in the underlying action and that plaintiff Superintendent is obligated to provide excess coverage pursuant to United's policy. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.