■ ATLANTIC BALLOON & NOVELTY CORP. et al., Respondents, v AMERICAN MOTORISTS INSURANCE COMPANY, Appellant-Respondent, and GEORGE WAGNER ASSOCIATES, Respondent-Appellant, et al., Defendant. [880 NYS2d 112]—

In an action to recover damages for breach of contract and negligence, the defendant American Motorists Insurance Company appeals from so much of an order of the Supreme Court, Suffolk County (Pines, J.), entered October 15, 2007, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant George Wagner Associates cross-appeals, as limited by its brief, from so much of the same order as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint and all cross

claims insofar as asserted against it as time-barred, or alternatively, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendants American Motorists Insurance Company and George Wagner Associates, the motion of the defendant American Motorists Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and that branch of the motion of the defendant George Wagner Associates which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint and all cross claims insofar as asserted it as time-barred are granted, and the motion of the defendant George Wagner Associates is otherwise denied as academic.

In December 1994 the plaintiffs Atlantic Balloon & Novelty Corp. (hereinafter Atlantic Balloon) and World International Buying Corp., utilized the defendant George Wagner Associates (hereinafter Wagner) to procure an insurance policy on their behalf. The policy, issued by the defendant American Motorists Insurance Company (hereinafter American Motorists) provided "business personal property" coverage for the plaintiffs in the amount of $100,000 for the period December 16, 1994 through December 16, 1995.

During the coverage period, Atlantic Balloon contracted with an auctioneer to conduct an auction of Atlantic Balloon's inventory. Atlantic Balloon claims that the auctioneer never turned over the proceeds from the auction, which occurred on or about May 25, 1995 and May 26, 1995, and stole some of Atlantic Balloon's merchandise. Atlantic Balloon also claims that the auctioneer sold the merchandise for less than the agreed-upon amount and failed to ensure that bidders paid for items prior to leaving the premises.

The plaintiffs thereafter made a claim to American Motorists pursuant to the insurance policy for losses allegedly sustained during the auction. American Motorists denied the claim. The plaintiffs brought this action against American Motorists seeking damages for breach of the insurance contract. The plaintiffs later added Wagner as a defendant, asserting that it was negligent in its procurement of the policy.

American Motorists moved for summary judgment dismissing the complaint insofar as asserted against it based on, among other things, the policy's exclusionary language. Wagner moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint and all cross claims insofar as asserted against it as time-barred, or alternatively, for summary judgment dismissing the complaint

and all cross claims insofar as asserted against it. The Supreme Court denied both motions.

We disagree with the Supreme Court's determination that the plaintiffs' negligence cause of action against Wagner accrued in May 1995, when the plaintiffs experienced the alleged theft of cash and merchandise during the auction. Rather, the plaintiffs sustained an injury in the form of losing a property right to the proper insurance protection when Wagner purportedly procured an inadequate policy on December 16, 1994 (*see Kronos, Inc. v AVX Corp.,* 81 NY2d 90 [1993]; *Neary v Tower Ins.,* 32 AD3d 920 [2006]; *Mauro v Niemann Agency,* 303 AD2d 468 [2003]; *Cappelli v Berkshire Life Ins. Co.,* 276 AD2d 458, 459 [2000]). Thus, the statute of limitations on the negligence cause of action expired on December 16, 1997 (*see* CPLR 214 [4]). Since the plaintiffs joined Wagner as a defendant on April 3, 1998 their negligence claim against Wagner is time-barred. Although the statute of limitations for a contractual breach would not have expired until December 16, 2000, six years after Wagner purportedly failed to obtain the appropriate coverage, the cause of action against Wagner was grounded in negligence only.

The Supreme Court also erred in denying the motion of American Motorists for summary judgment dismissing the complaint insofar as asserted against it. " '[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies' " (*Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868 [1986], quoting *State of New York v Home Indem. Co.,* 66 NY2d 669, 671 [1985]), whose unambiguous provisions must be given "their plain and ordinary meaning" (*United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232 [1986]; *see Maroney v New York Cent. Mut. Fire Ins. Co.,* 5 NY3d 467, 471-472 [2005]; *Catucci v Greenwich Ins. Co.,* 37 AD3d 513, 514 [2007]). "An exclusion from coverage must be specific and clear in order to be enforced (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC,* 37 AD3d 760, 761 [2007] [internal quotation marks omitted]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398 [1983]; *Ruge v Utica First Ins. Co.,* 32 AD3d 424, 426 [2006]). However, the plain meaning of the policy's language may not be disregarded to find an ambiguity where none exists (*see Bassuk Bros. v Utica First Ins. Co.,* 1 AD3d 470, 471 [2003]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.,* 300 AD2d 538, 539 [2002]; *Sampson v Johnston,* 272 AD2d 956 [2000]).

The policy issued by American Motorists contains an exclusion for "[d]ishonest or criminal acts by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose." It also contains an exclusion for "False Pretense" which it defines as "Voluntary parting with any property by you or anyone else to whom you have entrusted the property if induced to do so by any fraudulent scheme, trick, device or false pretense."

American Motorists met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that these exclusions clearly applied to the loss in this case (see Catucci v Greenwich Ins. Co., 37 AD3d 513 [2007]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The contract between the auctioneer and Atlantic Balloon established that Atlantic Balloon "entrusted" its merchandise to the auctioneer because, pursuant to the contract, Atlantic Balloon agreed that the auctioneer was to take the merchandise on "consignment" and auction it on Atlantic Balloon's behalf. Thus, the merchandise and auction proceeds purportedly stolen during the auction are not a covered loss under the policy. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).

The remaining contentions of American Motorists and Wagner have been rendered academic by our determination. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur. [See 2007 NY Slip Op 33283(U).]