■ ESSEX INSURANCE COMPANY, Appellant, v LARUCCIA CONSTRUCTION, INC., et al., Respondents. [898 NYS2d 558]—

In an action to recover unpaid insurance premiums, the

plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered May 8, 2009, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007] [citation omitted]; *see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]; *Atlantic Balloon & Novelty Corp. v American Motorists Ins. Co.*, 62 AD3d 920, 922 [2009]; *NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008]). If the language of the insurance contract is ambiguous, however, the parties may submit extrinsic evidence as an aid in construction (*see State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]), and any ambiguity must be construed against the insurer as drafter of the policy (*see White v Continental Cas. Co.*, 9 NY3d at 267; *Guardian Life Ins. Co. of Am. v Schaefer*, 70 NY2d 888, 890 [1987]; *Empire Fire & Mar. Ins. Co. v Eveready Ins. Co.*, 48 AD3d 406, 407 [2008]).

Here, the plaintiff insurer moved for summary judgment on its claim for unpaid premiums under a commercial general liability policy issued by it to the defendants (hereinafter the insureds), contending that the manner of calculating the premium is clear and unambiguous from the terms of the policy. Contrary to this contention, although the policy unambiguously provides for a "rate" of $28 and a "premium basis" of the insureds' gross sales to be determined by audit at the end of the coverage period, the policy does not provide that the rate is to be applied to every $1,000 of gross sales, and it does not give any other explanation as to the manner in which the premium is to be calculated. The explanation is not implicitly supplied by the amount calculated for the minimum deposit paid by the insureds, based upon an estimate of gross sales, since the application of the rate in the manner suggested by the insurer renders a different figure.

Thus, the insurer failed to establish, as a matter of law, that it properly calculated the premium due (*see St. Paul Fire & Mar. Ins. Co. v Capri Constr. Corp.*, 78 NY2d 1016 [1991]; *Safeguard Ins. Co. v Tetz & Sons*, 271 AD2d 516 [2000]; *cf. Family Coatings v Michigan Mut. Ins. Co.*, 170 AD2d 816 [1991]). The insurer's failure to make a prima facie showing demonstrating the absence of a triable issue of fact required denial of its motion for summary judgment, regardless of the

sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.