■ UNITED STATES FIRE INSURANCE COMPANY et al., Appellants, v KNOLLER COMPANIES, INC., et al., Respondents, et al., Defendants. [915 NYS2d 127]—

In an action, inter alia, for a judgment declaring the priority of insurance coverage obligations, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered June 3, 2009, as, in effect, denied that branch of their cross motion which was for summary judgment declaring that the coverage provided to the plaintiffs Federated Department Stores and

Gilman Construction Co., under a certain policy of insurance issued by the plaintiff United States Fire Insurance Company, is excess to the coverage provided to the plaintiffs Federated Department Stores and Gilman Construction Co., under a certain policy of insurance issued by the defendant Hartford Casualty Insurance Company, and that the defendant Hartford Casualty Insurance Company is obligated, as the primary insurer, to defend and indemnify the plaintiffs Federated Department Stores and Gilman Construction Co. in an underlying personal injury action entitled *DeVita v Federated Corporate Services*, pending in the Supreme Court, Queens County, under index No. 27056/98, and granted that branch of the motion of the defendants Knoller Companies, Inc., and Hartford Casualty Insurance Company which was for summary judgment, in effect, declaring that the coverage provided under the policy of insurance issued by the defendant Hartford Casualty Insurance Company to the plaintiffs Federated Department Stores and Gilman Construction Co., as additional insureds, is concurrent with the the coverage provided under the policy of insurance issued by the plaintiff United States Fire Insurance Company to those plaintiffs, as additional insureds, and that the plaintiff United States Fire Insurance Company is obligated, as a co-insurer with the defendant Hartford Casualty Insurance Company, to defend and, if necessary, indemnify the plaintiffs Federated Department Stores and Gilman Construction Co. in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the coverage provided under the policy of insurance issued by the defendant Hartford Casualty Insurance Company to the plaintiffs Federated Department Stores and Gilman Construction Co., as additional insureds, is concurrent with the coverage provided under the policy of insurance issued by the plaintiff United States Fire Insurance Company to the plaintiffs Federated Department Stores and Gilman Construction Co., as additional insureds, and that the plaintiff United States Fire Insurance Company is obligated, as a co-insurer with the defendant Hartford Casualty Insurance Company, to defend, and, if necessary, indemnify the plaintiffs Federated Department Stores and Gilman Construction Co. in the underlying action.

The plaintiff Gilman Construction Co. (hereinafter Gilman), as general contractor for a certain renovation project, entered into separate agreements with two subcontractors, the defendant Knoller Companies, Inc. (hereinafter Knoller), and nonparty

Crosstown Interior Contracting, Inc. (hereinafter Crosstown). It is uncontested that both of these written agreements, which employed substantially the same language, required the subcontractors to obtain specified insurance coverage naming Gilman and the plaintiff Federated Department Stores (hereinafter Federated) as "Additional Insured[s]."

Knoller subsequently procured a comprehensive general liability policy (hereinafter the Hartford policy) from the defendant Hartford Casualty Insurance Company (hereinafter Hartford). Crosstown procured its own comprehensive general liability policy (hereinafter the U.S. Fire policy) from the plaintiff United States Fire Insurance Company (hereinafter U.S. Fire).

After Vincent DeVita, an employee of another subcontractor, allegedly was injured during the project, he commenced an action seeking to recover damages, and the defendants in that action commenced various third-party actions. A dispute arose as to the priority of insurance coverage, and Gilman and Federated (hereinafter together the plaintiffs), along with U.S. Fire, commenced this action seeking a declaration as to the priority of insurance coverage. The defendants Knoller and Hartford (hereinafter together the defendants) moved and the plaintiffs crossmoved, inter alia, for summary judgment in connection with the cause of action seeking a declaration as to priority of coverage. The Supreme Court granted the defendants' motion and, in effect, denied so much of the plaintiffs' cross motion as was for summary judgment declaring that the U.S. Fire policy was secondary, or excess, to the Hartford policy. The Supreme Court thus, in effect, awarded summary judgment to the defendants declaring that U.S. Fire and Hartford provide the same level of insurance to the plaintiffs, and that each insurer must share ratably in the expenses of defending the plaintiffs in connection with the underlying action and, if necessary, of indemnifying them. The plaintiffs and U.S. Fire together appeal from so much of the order as denied that branch of their cross motion which was for summary judgment declaring that the Hartford policy provides primary coverage to the plaintiffs, and that the U.S. Fire policy was secondary, or excess, to the Hartford policy. We affirm the order insofar as appealed from.

The subcontract agreement between Gilman and Crosstown constituted an agreement by Crosstown to procure liability insurance providing primary coverage to the plaintiffs, as additional insureds, under Crosstown's comprehensive general liability policy with U.S. Fire (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393-394 [2003]; *Jefferson Ins.*

*Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 372 [1998]; *William Floyd School Dist. v Maxner*, 68 AD3d 982, 986-987 [2009]). Consequently, under the terms of Crosstown's U.S. Fire policy, the coverage afforded to the plaintiffs, as additional insureds, is primary (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d at 393-394). Moreover, even if the provisions of the U.S. Fire policy were regarded as ambiguous, given the facts of this case, it was proper to resolve any such ambiguities "against the insurer who drafted the policy" (*City of New York v Evanston Ins. Co.*, 39 AD3d 153, 156 [2007] [internal quotation marks omitted]; *see Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]; *Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688, 691-692 [2008]; *Tomco Painting & Contr., Inc. v Transcontinental Ins. Co.*, 21 AD3d 950, 951 [2005]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment declaring that the coverage provided under the Hartford policy to the plaintiffs, as additional insureds, is concurrent with the coverage provided under the U.S. Fire policy to the plaintiffs, as additional insureds, and that U.S. Fire is obligated, as a co-insurer with Hartford, to defend, and, if necessary, indemnify the plaintiffs in the underlying action.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the coverage provided under the Hartford policy to the plaintiffs, as additional insureds, is concurrent with the coverage provided under the U.S. Fire policy to the plaintiffs, as additional insureds, and that U.S. Fire is obligated, as a co-insurer with Hartford, to defend, and, if necessary, indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Balkin, Leventhal and Austin, JJ., concur. ▆