■ Gould Investors, L.P., Respondent, v Travelers Casualty & Surety Company of America, Appellant. [920 NYS2d 395]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered July 28, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant moved for summary judgment dismissing the complaint on the ground that, inter alia, the plaintiff's settlement of separate actions with persons harmed by its employee's conduct breached a provision of a commercial crime insurance policy requiring it to preserve the defendant's subrogation

rights. The Supreme Court construed the policy as making the plaintiff's obligation to preserve the defendant's subrogation rights contingent upon the defendant's payment of the claim. In light of the undisputed evidence that the defendant had not paid the claim, the Supreme Court determined that the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law and denied the motion. We affirm.

"As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . and the interpretation of such provisions is a question of law for the court" (*Essex Ins. Co. v Laruccia Constr., Inc.*, 71 AD3d 818, 819 [2010] [internal quotation marks omitted]; *see Atlantic Balloon & Novelty Corp. v American Motorists Ins. Co.*, 62 AD3d 920, 922 [2009]). "If the language of the insurance contract is ambiguous, however, the parties may submit extrinsic evidence as an aid in construction, and any ambiguity must be construed against the insurer as drafter of the policy" (*Essex Ins. Co. v Laruccia Constr., Inc.*, 71 AD3d at 819 [citation omitted]; *see United States Fire Ins. Co. v Knoller Cos., Inc.*, 80 AD3d 692 [2011]).

Here, the provision of the policy addressing the parties' obligations regarding subrogation provided that, "you must transfer to us all your rights of recovery against any person or organization for any loss you sustained and for which we have paid or settled. You must also do everything necessary to secure those rights and do nothing after loss to impair them." The Supreme Court properly determined that the plain and ordinary meaning of the first sentence of that provision obligated the plaintiff to transfer rights of recovery only upon payment of the claim and that, accordingly, no subrogation rights had accrued to the defendant upon which it could base its motion. As any ambiguity introduced by the second sentence of that provision must be construed against the insurer as drafter of the policy (*see Essex Ins. Co. v Laruccia Constr., Inc.*, 71 AD3d at 818; *United States Fire Ins. Co. v Knoller Cos., Inc.*, 80 AD3d 692 [2011]), the Supreme Court's determination was proper.

The defendant's remaining contentions are without merit. Mastro, J.P., Dillon, Balkin and Leventhal, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32088(U).]**