# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

88

CA 11-01509

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

RICHARD HUNT, PLAINTIFF,

V                                                    MEMORANDUM AND ORDER

CIMINELLI-COWPER CO., INC., ET AL., DEFENDANTS.
------------------------------------------------
CIMINELLI-COWPER CO., INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

V

THE PHOENIX INSURANCE COMPANY, MERCHANTS MUTUAL
INSURANCE COMPANY, THIRD-PARTY
DEFENDANTS-RESPONDENTS,
ET AL., THIRD-PARTY DEFENDANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR THIRD-PARTY PLAINTIFF-APPELLANT.

LAZARE POTTER & GIACOVAS LLP, NEW YORK CITY (YALE GLAZER OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT THE PHOENIX INSURANCE COMPANY.

SMITH, MURPHY & SCHOEPPERLE, LLP, BUFFALO (FRANK G. GODSON OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT MERCHANTS MUTUAL
INSURANCE COMPANY.

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Frank A. Sedita, Jr., J.), entered December 15,
2010.  The order and judgment, insofar as appealed from, granted the
motions of third-party defendants Travelers Property Casualty Company
of America, incorrectly sued as The Phoenix Insurance Company, and
Merchants Mutual Insurance Company for summary judgment and declared
that those third-party defendants have no duty to defend and indemnify
in the underlying action.

It is hereby ORDERED that the order and judgment insofar as
appealed from  is unanimously reversed on the law without costs, the
motions of third-party defendants Travelers Property Casualty Company
of America, incorrectly sued as The Phoenix Insurance Company, and
Merchants Mutual Insurance Company are denied, the first through sixth
decretal paragraphs are vacated and the third-party complaint against
those third-party defendants is reinstated.

Memorandum:  Third-party plaintiff, Ciminelli-Cowper Co., Inc.

(Ciminelli), commenced this third-party action seeking a declaration that, inter alia, third-party defendants Travelers Property Casualty Company of America, incorrectly sued as The Phoenix Insurance Company (Travelers), and Merchants Mutual Insurance Company (Merchants) are obligated to defend and indemnify it in the underlying personal injury action.  Plaintiff commenced the underlying action seeking damages for injuries he sustained when he slipped and fell while performing construction work on property owned by Jamestown Community College (JCC).  Ciminelli served as the construction manager on the project. There was no general contractor, and JCC contracted directly with various prime contractors, including David Ogiony Development Co., Inc. (Ogiony) and Pettit & Pettit, Inc. (Pettit).

JCC's contracts with Ogiony and Pettit required the contractors to indemnify JCC and Ciminelli against claims for personal injury arising from the construction work.  The contracts also required Ogiony and Pettit to procure insurance coverage for claims arising out of their obligations under the contracts and to obtain endorsements to their general liability policies naming Ciminelli and JCC as additional insureds on a primary basis.  At the time of plaintiff's accident, Ogiony was insured under a commercial general liability policy issued by Travelers (hereafter, Travelers policy), and Pettit was insured under a commercial insurance policy issued by Merchants (hereafter, Merchants policy).

Travelers moved for summary judgment dismissing the third-party complaint and any cross claims against it and declaring that it had "no obligation to defend, indemnify and/or reimburse [Ciminelli] or any other entity for any settlement payments made or defense costs incurred in the underlying . . . action."  Travelers contended that it had no obligation to provide coverage to Ciminelli because Ciminelli failed to notify it of the claim in a timely manner, in accordance with the terms of the Travelers policy.  Merchants also moved for summary judgment dismissing the third-party complaint against it and declaring that it was not obligated to defend or indemnify Ciminelli in the underlying action.  Merchants contended that its policy afforded no coverage to Ciminelli.

We agree with Ciminelli that Supreme Court erred in granting the motions of Travelers and Merchants, dismissing the third-party complaint against them and declaring that they had "no obligation to defend, indemnify or reimburse [Ciminelli] for any settlement payments made or defense costs incurred" in the underlying action.  We therefore reverse the order and judgment insofar as appealed from, deny the motions of Travelers and Merchants, vacate the first through sixth decretal paragraphs and reinstate the third-party complaint against Travelers and Merchants.  "In determining a dispute over insurance coverage, we first look to the language of the policy" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221).  "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . ., and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267; *see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177).  "If the terms of a

policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer" (*White*, 9 NY3d at 267; *see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353, *rearg denied* 46 NY2d 940).

With respect to the motion of Travelers, we note that the Travelers policy states that its terms "can be amended or waived only by endorsement issued by [Travelers] as part of this policy." The "Commercial General Liability - Contractors Coverage Form" provides that, "[t]hroughout this policy[,] the words 'you' and 'your' refer to the Named Insured shown in the Declarations, *and any other person or organization qualifying as a Named Insured under this policy*" (emphasis added). With respect to notice of claims, the policy provides that the insured must notify Travelers "as soon as practicable of an 'occurrence' or an offense which may result in a claim." The policy further provides that Travelers "will not deny coverage based solely on your delay in reporting an 'occurrence' or offense unless we are prejudiced by your delay."

Travelers contends that the policy provision requiring it to demonstrate prejudice before disclaiming on the basis of late notice applies only to Ogiony as the "Named Insured." We reject that contention. It is undisputed that Ciminelli qualifies as an additional insured under the Travelers policy. The term additional insured "is a recognized term in insurance contracts, and the well-understood meaning of the term is an entity enjoying the *same* protection as the named insured" (*Kassis v Ohio Cas. Ins. Co.*, 12 NY3d 595, 599-600 [internal quotation marks omitted]; *see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393; *David Christa Constr., Inc. v American Home Assur. Co.*, 59 AD3d 1136, 1138, *lv denied* 12 NY3d 713). Thus, "*[i]n the absence of unambiguous contractual language to the contrary*, an additional insured 'enjoy[s] the same protection as the named insured' " (*William Floyd School Dist. v Maxner*, 68 AD3d 982, 986 [emphasis added]). It is well settled that, "in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, *and the words of the policy remain in full force and effect except as altered by the words of the endorsement*" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [emphasis added]). Here, the additional insured endorsement modified the coverage provided under the "Commercial General Liability – Contractors Coverage Part." Specifically, the endorsement provided that the section identifying who is an insured under the policy "is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and executed prior to the occurrence of any loss." Although Travelers correctly notes that the endorsement contains no provision requiring it to demonstrate prejudice in order to disclaim on the basis of late notice, we note that the endorsement likewise does not specifically eliminate the prejudice requirement set forth in the policy (*see William Floyd School Dist.*, 68 AD3d at 987; *see also Continental Ins. Co.*, 83 NY2d at 628). Thus, at a minimum, the policy

creates an ambiguity, which must be resolved against Travelers as the insurer (*see Del Bello v General Acc. Ins. Co. of Am.*, 185 AD2d 691, 692; *see generally Breed*, 46 NY2d at 353; *Tomco Painting & Contr., Inc. v Transcontinental Ins. Co.*, 21 AD3d 950, 951) and, here, Travelers failed to allege or establish that it was prejudiced by Ciminelli's late notice of the claim.

With respect to Merchants' motion, Merchants correctly notes that the policy it issued to Pettit does not contain an additional insured endorsement. The "Coverages" section of the "Commercial General Liability Coverage Form," however, contains a "Supplementary Payments" section, which states that, "[i]f [Merchants] defend[s] an insured against a 'suit' and an indemnitee of the insured is also named as a party to the 'suit[,]' [Merchants] will defend the indemnitee" in the event that certain conditions are met. Those conditions include that "[t]he 'suit' against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an 'insured contract' "; "[the] insurance applies to such liability assumed by the insured"; and "[t]he obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same 'insured contract . . . .' " The Merchants policy defines " 'insured contract' " in relevant part as "[t]hat part of any other contract or agreement pertaining to [the insured's] business (including an indemnification of a municipality in connection with work performed for a municipality) under which [the insured] assume[s] the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."

We agree with Ciminelli that the contract between JCC and Pettit, Merchants' insured, constitutes an "insured contract." Specifically, the contract provides that, "[t]o the fullest extent permitted by law, [Pettit] shall indemnify and hold harmless [JCC and its agents] . . . from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the [w]ork, provided that such claim, damage, loss or expense is attributable to bodily injury . . . ." Although Merchants contends that Ciminelli failed to comply with one or more of the conditions set forth in the "Supplementary Payments" section of the Merchants policy, Ciminelli's compliance with those conditions is a question of fact that precludes summary judgment. We further note that the record contains a certificate of liability insurance issued to Ciminelli, pursuant to which Ciminelli is an "[a]dditional [i]nsured[] on a primar[y] basis" under the Merchants policy issued to Pettit. Although "[i]t is well established that a certificate of insurance, by itself, does not confer insurance coverage," such a certificate is " 'evidence of a carrier's intent to provide coverage' " (*Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 74 AD3d 1751, 1753).

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court