■ In the Matter of East 51st Street Crane Collapse Litigation. East 51st Street Development Company, LLC, et al., Respondents-Appellants, v Lincoln General Insurance Company, Respondent-Appellant, and AXIS Surplus Insurance Company et al., Appellants-Respondents, et al., Defendant. [960 NYS2d 364]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 4, 2011, which granted plaintiffs' motion for summary judgment declaring that defendant Lincoln General Insurance Company has a duty to defend East 51st Street Development Company, LLC and to reimburse Illinois Union Insurance Company for past defense costs in the underlying crane collapse litigation from the date of the crane collapse (Mar. 15, 2008) to the date that Lincoln General exhausted its policy limits, and so declared; granted plaintiffs' motion for summary judgment declaring that defendant AXIS Surplus Insurance Company has a duty to defend East 51st Street and to reimburse Illinois Union for past defense costs and to pay all future defense costs in the crane-collapse litigation, and so declared; granted Lincoln General's motion for summary judgment declaring that its policy is excess to the AXIS policy and that AXIS owes a primary duty to pay all or a portion of East 51st Street's defense costs, and so declared; granted Lincoln General's motion for summary judgment declaring that defendant Interstate Fire and Casualty Company is obligated to provide primary coverage to East 51st Street and so declared; denied AXIS's motion for summary judgment declaring that it has no duty to defend; and denied Interstate's motion for summary judgment dismissing the complaint and Lincoln General's cross claims against it, unanimously modified, on the law, to deny Lincoln General's motions for summary judgment declaring that its policy is excess to the AXIS and Interstate policies, to vacate those declarations, and to declare that Lincoln General is obligated to provide primary coverage to East 51st Street, and that Interstate has no duty to defend or provide coverage in the litigation, and otherwise affirmed, without costs.

On March 15, 2008, a crane collapsed at a construction site on East 51st Street in Manhattan, causing the deaths of six construction workers and a pedestrian, injury to several other individuals, and extensive damage to property. Multiple claims for bodily injury and property damage were brought against plaintiff East 51st Street, the owner of the property on which the accident occurred, Reliance Construction Ltd., the construction manager on the project, and Joy Contractors, Inc., the superstructure subcontractor, whose employee was operating the crane at the time of the accident.

As is undisputed, the insurance policies issued by AXIS and Interstate to Reliance and the policy issued by Lincoln General to Joy were primary to the policy issued by Illinois Union to East 51st Street. AXIS, Interstate and Lincoln General therefore are obligated to reimburse Illinois Union for defense costs. Although Illinois Union had already taken up East 51st Street's defense, its intent to seek contractual indemnification from Reliance and Joy created a potential conflict between East 51st Street and Lincoln General, giving East 51st Street the right to obtain independent counsel (*see 69th St. & 2nd Ave. Garage Assoc. v Ticor Tit. Guar. Co.*, 207 AD2d 225, 227 [1st Dept 1995], *lv denied* 87 NY2d 802 [1995]).

The "Supplementary Payments" provision of the AXIS policy issued to Reliance states that "[w]e will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend[ ] . . . [a]ll expenses we incur," and that "[t]hese payments will reduce the limits of insurance." However, the amended insuring agreement of the policy provides that AXIS's "duty to defend ends when [AXIS has] used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B [i.e., damages]." The ambiguity as to whether "expenses" includes defense costs that result from these conflicting provisions must be construed against AXIS (*see 242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100, 105 [1st Dept 2006]). We therefore conclude that the policy does not provide for defense within limits, which undermines AXIS's argument that the policy limits had been eroded, and that AXIS is obligated to share in the costs of the defense of East 51st Street, an "additional insured" on the policy (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003]).

Interstate's contention that East 51st Street is not listed on the additional insured endorsement or the declarations page of the policy issued to Reliance does not avail it since it admitted in its answer that East 51st Street was an additional insured under that policy. Contrary to Interstate's further contention, since East 51st Street never filed any claims against Interstate in the related federal action brought by Reliance's excess liability carrier, and filed all its claims against Interstate in this state action, it did not engage in "claims splitting" (*see Emery Roth & Sons v National Kinney Corp.*, 44 NY2d 912 [1978]; *67-25 Dartmouth St. Corp. v Syllman*, 29 AD3d 888 [2d Dept 2006]).

However, Interstate has demonstrated that its policy was exhausted upon its July 2009 settlement with Reliance of the

declaratory judgment action commenced in federal court which sought defense and indemnity for several lawsuits relating to the crane accident. The settlement agreement clearly states that Interstate's payment of $1 million to Reliance was in settlement of all of Interstate's indemnification and defense obligations under the policy and that the settlement "exhausts all potentially applicable Interstate Policy limits and all coverages." The motion court found no indication that the settlement had been entered into as a means to inappropriately exhaust the policy and there is no basis, given the express terms of the settlement agreement, for the motion court's conclusion that the $1 million constitutes reimbursement to Reliance of "Supplementary Payments" under the supplementary payments provision.

As we have concluded that Interstate's policy was exhausted by the $1 million settlement, we need not reach the motion court's determination that any failure by Reliance to comply with the conditional coverage endorsement affects Reliance, triggering the liability limitation of $200,000, but does not necessarily affect East 51st Street. Were we to reach this, we would find that the policy clearly provides that failure by the named insured to comply with conditions of that endorsement will reduce the limits of coverage for "all insureds" and, accordingly, any failure of Reliance to comply with the contractors' conditional endorsement would reduce the coverage for Reliance as well as its additional insureds (*see Robert Pitt Realty, LLC v 19-27 Orchard St., LLC*, 101 AD3d 404, 405 [1st Dept 2012] [whether additional insured "is entitled to coverage will generally turn on whether (the named insured) is entitled to coverage"]; *see also DRK, LLC v Burlington Ins. Co.*, 74 AD3d 693, 694 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011] [separation of insureds provision "does not negate bargained-for exclusions, or otherwise expand, or limit, coverage"]).

We find that, pursuant to the "Other Insurance" provision in the AXIS, Lincoln General and Interstate policies, the insurance provided to East 51st Street, an additional insured on those policies, is primary (*see Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 18 [1st Dept 2009]). Our conclusion is not altered by the "Additional Insured" endorsement in the AXIS policy, which provides that "such insurance as is afforded by this policy for the benefit of [East 51st Street] shall be primary insurance as respects any claim, loss or liability arising out of [Reliance's] operations, and any other insurance maintained by [East 51st Street] shall be excess and non-contributory with the insurance provided hereunder." A

reasonable business person would understand the term "insurance maintained by" to refer to insurance actually procured by East 51st Street (the Illinois Union policy), rather than afforded it as an additional insured.

Although, as Interstate points out, a low premium suggests that a policy may not be primary, it is not conclusive (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 376 [1985]). The language of the Interstate policy does not establish the policy as a pure excess policy (*compare Tishman Constr. Corp. of N.Y. v Great Am. Ins. Co.*, 53 AD3d 416, 420 [1st Dept 2008]). Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.

The decision and order of this Court entered herein on April 3, 2012 (94 AD3d 420 [2012]) is hereby recalled and vacated (*see* 2013 NY Slip Op 63651[U] [decided simultaneously herewith]).