Order, Supreme Court, Bronx County (Alexander W Hunter, Jr., J.), entered April 25, 2013, which granted third-party defendant’s Greater New York Insurance Company (GNY) motion to dismiss the third-party complaint, unanimously reversed, on the law, with costs, and the motion denied.
Third-party plaintiffs, New York Elevator & Electric Corporation (NYE) and ThyssenKrupp Elevator Corporation (TKE), established that, as a result of a scrivener’s error, a principal of defendant 45 West Hotel Limited Partnership signed an elevator maintenance contract for the premises owned by 45 West “on behalf of” defendant Rockrose Development Corporation, and that the true parties to the contract are 45 West and the elevator maintenance company, NYE, now succeeded by TKE (see Harris v Uhlendorf, 24 NY2d 463, 467 [1969]; Ebasco Constructors v Aetna Ins. Co., 260 AD2d 287 [1st Dept 1999]).
GNY failed to demonstrate conclusively that NYE and TKE are not additional insureds under the policy it issued to 45 West. Under the policy, the elevator maintenance agreement between NYE and TKE and 45 West is an insured contract. It requires 45 West to procure insurance for and indemnify NYE and TKE (see Kassis v Ohio Cas. Ins. Co., 12 NY3d 595, 600 [2009]). *643 Moreover, the “Supplementary Payments—Coverages A and B” section of the policy provides that if GNY defends its insured in a suit in which the insured’s indemnitee is also named as a party, then GNY will defend the indemnitee if certain conditions are met. Whether or not NYE and TKE have, as they contend, satisfied the conditions, they have stated a claim for a declaration that, under the policy at issue, GNY is obligated to provide them with a defense and indemnification (see Hunt v Ciminelli-Cowper Co., Inc., 93 AD3d 1152, 1156 [4th Dept 2012]).
Concur—Mazzarelli, J.P, Acosta, Freedman, Richter and Clark, JJ.