■ ARCH INSURANCE COMPANY, Respondent, v OLD REPUBLIC INSURANCE COMPANY, Appellant, et al., Defendants. [56 NYS3d 100]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 21, 2016, which granted plaintiff's motion for summary judgment declaring that defendant Old Republic Insurance Company is obligated, on an equal basis with plaintiff, to defend and indemnify Bovis Lend Lease LMB, Inc. in the underlying personal injury action, and so declared, unanimously affirmed, with costs.

The policy's conflicting self-insured retention (SIR) clause and private and non-contributory (PNC) endorsement cannot be reconciled as to Bovis, an additional insured. The PNC endorsement, which was added after the effective date of the policy containing the SIR clause and made effective retroactively, is controlling (see *Kratzenstein v Western Assur. Co. of City of Toronto*, 116 NY 54, 57-58 [1889]). The clause expressly provides that it "modifies" the relevant coverage to provide to an additional insured "primary insurance on a non-contributory basis" if such coverage is required by the contract between the named insured and the additional insured, as is the case here. The subsequently agreed-to PNC endorsement's requirement of "primary insurance on a non-contributory basis" is, on its face, inconsistent with, and therefore overrides, the original policy's $1,000,000 SIR provision. We note that nothing in the contract between Bovis and the named insured supports the conclusion that Bovis consented to a self-insured retention. Indeed, as previously noted, the contract requires that coverage for the additional insured be primary (see *Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391 [2003]).

We have considered Old Republic's remaining arguments and find them unavailing. Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.